Filed Sept. 16, 1885.

---

No. 12,050.

## THE CITY OF MADISON v. BAKER.

CITY.—*Defective Street.*—*Complaint for Injury.*—*Negligence.*—*Notice.*—*Supreme Court.*—*Practice.*— In an action against a city for negligently permitting a street to be out of repair, whereby the plaintiff was injured, the complaint, when questioned for the first time in the Supreme Court, will be held good as to the matter of notice, when its averments plainly imply that the city had notice of the bad condition of the street when the plaintiff was injured ; and after verdict it will be inferred that the notice was in time to have enabled the city to repair the street.

SAME.—*Contributory Negligence.*—For averments held sufficient to rebut the presumption of contributory negligence, see opinion.

SAME.—*Proof of Notice.*—Notice to the corporation of the defect which caused the injury, or facts from which notice may reasonably be inferred, or proof of circumstances from which it appears that the defect ought to have been known and remedied by it, is essential to liability.

From the Jefferson Circuit Court.

*E. G. Hay* and *P. E. Bear,* for appellant.

*J. P. Wells,* for appellee.

NIBLACK, J.—Suit by John R. Baker against the city of Madison, for negligently permitting one of its streets to be out of repair, whereby the plaintiff was injured. Trial by a jury. Verdict and judgment for the plaintiff.

Error is first assigned upon the alleged insufficiency of the complaint to support the judgment.

The complaint averred that Ryker's Ridge Turnpike Road connected with one of the streets of the city of Madison, and that said street, in connection with said turnpike road, formed a continuous highway through said city; that on the 26th day of October, 1883, and for some time before, said highway was badly out of repair, and was dangerous to travel upon in a wagon at night; that said city had allowed a large ditch to be washed out on one side of said highway, about three feet wide, and of about the same depth, and to remain without any fence or other barrier to restrain travellers from danger, or any sign to show them where the dangerous part of said highway was; that there was no gas or other light within a hundred and fifty yards of said ditch; that in the early part of the night of the said 26th day of October, 1883, the plaintiff was travelling on said highway with his wagon and team, consisting of two horses, having his son and minor daughter with him in the wagon, to the said city of Madison to market; that said highway being in such bad condition and carelessly and negligently out of repair, and the said city knowing the same to be out of repair, and the plaintiff having no knowledge of said ditch, and believing said highway to be in good repair, and while driving his wagon and team with care along the same, and without any fault or negligence on his part, the wagon, while in the corporate limits of the city, went into and upset in said ditch, thereby greatly injuring the plaintiff and his said daughter.

Two objections are urged to the sufficiency of the complaint: First. That it is not sufficiently made to appear that the city had proper notice of the bad condition of the street. Second. That the facts averred are not sufficient to rebut the presumption of contributory negligence. The sufficiency of the complaint was not challenged in the court below. Hence, in legal effect, the only question upon the complaint now is, Is it sufficient to sustain the judgment after a verdict has

been rendered upon it? The indirect and inferential aver-
ments, that the highway, within the corporate limits of the
city and where the wagon ran into the ditch, was carelessly
and negligently permitted to be out of repair, and that the
city had knowledge that it was so out of repair, fairly and
plainly imply that the city had notice of the bad condition
of the street when the plaintiff and his daughter were in-
jured, and after verdict we will infer that the notice was in
time to have enabled the city to repair the street, if it had
desired to do so. *Corporation of Bluffton* v. *Mathews,* 92
Ind. 213; *Turner* v. *City of Indianapolis,* 96 Ind. 51. As
to the remaining objection to the complaint, we think the
averments are sufficient to rebut any inference of contribu-
tory negligence, even upon demurrer. *Wilson* v. *Trafalgar,
etc., Gravel Road Co.,* 83 Ind. 326.

Error is next assigned upon the refusal of the circuit court
to grant a new trial, and, in support of that assignment of
error, it is argued that the evidence was not sufficient to sus-
tain the verdict.

The evidence established the fact that a ditch had been
constructed for drainage at the side of the highway where
the plaintiff's wagon ran off and turned over, and there was
evidence tending to show that the ditch was at the time prob-
ably both wider and deeper than was necessary for drainage
merely, but there was nothing even purporting to prove when
or how the ditch became enlarged, if indeed it had become
so. Neither was there any evidence proving or tending to
prove that the city had notice of the alleged bad condition
of the street, or that it was in any manner out of repair. In
the concluding part of section 1024, Dillon Municipal Cor-
porations, it is said that, "Where the duty to keep its streets
in safe condition rests upon the corporation, it is liable for
injuries caused by its *neglect or omission* to keep the streets
in repair, as well as for those caused by defects occasioned
by the *wrongful acts of others,* but, as in such case, the *basis
of the action is negligence,* notice to the corporation of the

defect which caused the injury, or facts from which notice thereof may reasonably be inferred, or proof of circumstances from which it appears that the defect ought to have been known and remedied by it, is essential to liability." On the same subject, see also sections 1025 and 1026, as well as *Turner* v. *City of Indianapolis, supra,* and 4 Wait Actions and Defences, 639. Notice of a defect in a street may sometimes be inferred from lapse of time, but in this case it was not made to appear that the defect complained of had existed for even a day before the plaintiff ran into the ditch. As regards the city's alleged knowledge that the street in question was out of repair, there was, consequently, a total failure of proof. The case is in other respect not a satisfactory one upon the evidence, but as the cause will probably be again tried, we forbear further comment at the present hearing.

The judgment is reversed with costs, and the cause remanded for further proceedings.

Filed Sept. 18, 1885.