Town of Lewisville *v.* Batson.

## Town of Lewisville *v.* Batson.

[No. 3,546.   Filed April 29, 1902.]

APPEAL AND ERROR.—*Bill of Exceptions.—Evidence.*—The fact that the bill of exceptions contains matters other than the evidence does not affect it as a bill containing the evidence.   *p. 22.*

MUNICIPAL CORPORATIONS.—*Negligence.—Obstruction of Street.—Notice.*—A municipal corporation cannot be held liable for an obstruction placed upon a sidewalk by a third person unless it had actual or constructive notice of the obstruction.   *p. 22.*

SAME.—*Negligence.—Obstruction of Street. — Notice.—Evidence.*—In the trial of an action against a town for personal injuries caused by its alleged negligence in permitting a quantity of scrap-iron deposited by a blacksmith near the sidewalk in front of his shop to remain from three o'clock in the afternoon until nine o'clock of the same evening the injury occurred, evidence of former similar obstructions was not admissible as tending to show notice to defendant of the obstruction complained of.   *pp. 23, 24.*

SAME. — *Negligence. — Obstruction of Street.— Constructive Notice.* — In an action against a town for personal injuries resulting from the obstruction of a sidewalk, the evidence showed that the obstruction consisted of scrap-iron placed in front of his shop by a blacksmith, some of the rods of iron extending over the sidewalk; the street was obstructed about three o'clock in the afternoon and the accident occurred about nine o'clock on the same evening; that the day was cloudy, and the night dark.   The jury found that there was no actual notice.   *Held,* that the facts and circumstances were not sufficient to charge defendant with constructive notice.   *pp. 23, 24.*

From Henry Circuit Court;  *W. O. Barnard,* Judge.

Action by Ezra Batson against the town of Lewisville for personal injuries.   From a judgment for plaintiff, defendant appeals.   *Reversed.*

*M. E. Forkner, G. D. Forkner* and *W. A. Brown,* for appellant.

*E. H. Bundy* and *J. M. Morris,* for appellee.

ROBINSON, P. J.—Suit for personal injuries claimed to have been occasioned to appellee by reason of an obstruction on a sidewalk.   Between three and five o'clock in the

afternoon of January 29th a quantity of scrap-iron, purchased by a blacksmith, had been deposited near the sidewalk in front of his shop, so that a portion of it extended upon the walk. The injury occurred about nine o'clock the same evening.

A bill of exceptions containing the evidence has the certificate and signature of the trial judge, and, within the time given, a record entry recites that the bill was filed. The fact that the bill contains other matters than the evidence does not affect it as a bill containing the evidence. While there has not been a strict compliance with the rules of this court, yet, with a complete index to the evidence, which is not voluminous, together with the method employed in setting out the examination, cross-examination, and reëxamination of the witnesses, and the references in the briefs, we think it should be held that there has been a substantial compliance with the rules.

The negligence charged against appellant is permitting the walk to be and remain in an unsafe condition because of an obstruction placed on the walk by a third party. In such cases it is well settled that the municipality can not be held liable unless it had actual or constructive notice of the obstruction. If it has actual notice, it must be given a reasonable time in which to remove the obstruction. It is required to use active vigilance with reference to the condition of its streets, and if an obstruction has existed for such a length of time that, considering the circumstances of the case, the municipality or its officers might have obtained knowledge of it by the exercise of a reasonable degree of diligence and attention to the condition of the streets, knowledge of the obstruction will be implied. *City of Fort Wayne* v. *Patterson,* 3 Ind. App. 34, and cases cited; *City of Evansville* v. *Wilter,* 86 Ind. 414; *Turner* v. *City of Indianapolis,* 96 Ind. 51; *City of Indianapolis* v. *Murphy,* 91 Ind. 382; *Town of Monticello* v. *Kennard,* 7 Ind. App. 135.

The jury find that neither the trustees nor any officer of appellant had any actual knowledge of the placing of the obstruction on the walk, or of its presence there at any time before appellee was injured.  The jury necessarily found, by the general verdict, that appellant had constructive knowledge of the obstruction, and they so stated in an answer to an interrogatory.

Appellant, by the last census, had a population of a little over 400.  The street was obstructed by the act of a wrong-doer only a short time before dark, and about nine o'clock of the same evening the injury occurred.  The day was cloudy, and the night dark.  The pile of iron itself was not an obstruction, but two or three rods of iron from the pile extended out upon the walk.  It was not an obstruction of such notorious character that a person passing along the street, unless upon the walk itself, would necessarily see it.  Some of the witnesses who passed along the street saw it; others did not.  It was not so open and notorious as to be evident to all passers-by.  It is true, the jury find that the obstruction had been upon the walk for from four to six hours.  But this must be considered in connection with all the circumstances,—such as the lateness of the hour at which it was placed there, the character and location of the obstruction itself, the population of the town, the small number of officers, and the like.  It is true, it was shown that at one time during the preceding summer the walk at this particular place was partially obstructed by a load of scrap-iron placed at the edge of the walk by a third party, but it was removed within a few days.  There was also evidence of obstructions of the walk of a different nature at other times in front of the shop, all of which were temporary, and some of which were necessary in carrying on the blacksmith's trade.  But the evidence wholly fails to show that there was a practically continuous obstruction of the walk in front of the shop, or that substantially the same obstruction as that complained of had existed for some

time prior to the day of appellee's injury, as was the case in *Davis* v. *City of Corry,* 154 Pa. St. 598, 26 Atl. 621, cited by counsel. Even if this evidence was properly admissible for any purpose, a question we do not decide, it could not be considered as tending to show notice to appellant of the obstruction complained of. Each obstruction attempted to be shown was a separate and distinct wrong committed by a third party.

Appellant's officers could not anticipate that some wrongdoer would obstruct one of its streets. Nor was appellant required to patrol its streets to look for probable obstructions placed in its streets by third persons. The basis of appellee's action is negligence. Appellant must have had actual or constructive notice of the obstruction. The jury find there was no actual notice. And from the whole record we must conclude that the facts and circumstances are not sufficient to charge appellant with constructive notice. Are the facts and circumstances existing at the time such that, with a reasonable degree of diligence and attention to the condition of the streets, appellant could have known of the obstruction? We think not. While the length of time sufficient to charge a town with constructive notice is, in most cases, a question of fact for the jury, yet, when the short time this obstruction existed is considered with all the facts and circumstances, we think it the duty of the court to say, as a matter of law, that the municipality could not be held to have had constructive knowledge of the obstruction, and that it was not, therefore, negligent in not removing it. See *City of Warsaw* v. *Dunlap,* 112 Ind. 576; *Requa* v. *City of Rochester,* 45 N. Y. 129, 135, 6 Am. Rep. 52; *Hume* v. *Mayor, etc.,* 47 N. Y. 639; *Otto Tp.* v. *Wolf,* 106 Pa. St. 608.

A new trial should have been granted. Judgment reversed.