## CITY OF EVANSVILLE v. BEHME.

[No. 7,516.   Filed February 16, 1912.]

1. APPEAL.—*Briefs.*—*Waiver.*—Appellant's failure to discuss alleged errors in its brief, or to cite authorities in their support, constitutes a waiver thereof. p. 449.

2. MUNICIPAL CORPORATIONS.—*Streets.*—*Care.*—It is the duty of a municipal corporation to use reasonable care to keep its streets safe for travel. pp. 449, 453.

3. MUNICIPAL CORPORATIONS.—*Unsafe Streets.*—*Notice.*—Where a street is rendered unsafe by the act of a person not connected with such city, the city is not liable therefor in the absence of notice, actual or constructive; but if the street is made unsafe by some one acting for the city, it is liable therefor without notice. p. 451.

4. MUNICIPAL CORPORATIONS.—*Defective Streets.*—*Repairing Water Mains.*—Where a city authorized a plumber to excavate in a street in order to repair a leak in a water main, and he negligently failed properly to fill the hole in the street and left no signal to warn thereof, the city is liable to a traveler who, without negligence, drove therein and was injured. p. 451.

5. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence. p. 452.

6. MUNICIPAL CORPORATIONS.—*Streets.*—*Care.*—*Delegation of Duty.*—A city cannot delegate its duty to care for its streets and thereby escape liability. p. 452.

7. MUNICIPAL CORPORATIONS. — *Defective Streets.*—*Instructions.*—*Assuming Facts.*—In an action against a city for injuries sustained because of a defect in a street, instructions assuming the existence of such defect are not improper, where the evidence of such defect was uncontradicted. p. 453.

From Warrick Circuit Court; *Roscoe Kiper*, Judge.

Action by Nicholas Behme against the City of Evansville. From a judgment on a verdict for plaintiff for $3,000, defendant appeals. *Affirmed.*

*Albert J. Veneman* and *George A. Cunningham,* for appellant.

*E. J. Crenshaw* and *P. C. Gould,* for appellee.

LAIRY, J.—Appellee recovered a judgment in the court below for damages resulting from personal injuries sus-

tained by him on account of being thrown from his wagon, by reason of a defect in one of the streets of the city of Evansville.

The only questions presented for decision arise on the motion for a new trial. The questions thus presented relate to the sufficiency of the evidence to sustain the verdict and to certain alleged errors of the trial court in giving certain instructions and in refusing to give certain other instructions requested by appellant. All other errors assigned are waived by appellant's failure to discuss them in its brief, or to cite authorities in their support.

It is first insisted by appellant that the evidence is not sufficient to sustain the verdict. The evidence shows, practically without dispute, that appellee, on the evening of January 2, 1907, between 6 o'clock and 7 o'clock, was driving on East Franklin street in the city of Evansville, and that one of the wheels of the wagon in which he was riding dropped into an excavation in the improved part of said street, causing him to be thrown out and injured.

It is not claimed that appellee was guilty of contributory negligence, but the sole question presented under the evidence is its sufficiency to show negligence on the part of the city.

There is no question as to the duty of the city to use reasonable care to keep its streets in a reasonably safe condition for travel. This duty is so well recognized as to require no citation of authorities in its support. The courts have repeatedly held that this duty cannot be delegated to others so as to relieve the city from liability for an injury resulting from a breach of such duty. *City of Anderson* v. *Fleming* (1903), 160 Ind. 597, 66 L. R. A. 119; *City of Indianapolis* v. *Marold* (1900), 25 Ind. App. 428; *City of Logansport* v. *Dick* (1880), 70 Ind. 65, 36 Am. Rep. 166; Dillon, Mun. Corp. (4th ed.) §§1027, 1030.

Appellant does not deny that the injury to appellee was

caused by a defective condition of the street, that the defective place was not guarded, and that no lights were placed there on the night of the accident to warn those using the street of its existence. It is claimed, however, that appellant was under no duty to place lights or guards about such defect in the street, for the reason that the evidence shows that the city had no notice or knowledge of its existence prior to the injury for which this action was brought.

The evidence upon this point shows that said defect was caused by an excavation that was made in the traveled portion of the street by a plumber, employed by Mr. Eichel, for the purpose of locating a leak in a sewer or water-main. This excavation was made on December 31, 1906, or January 1, 1907, and was eighteen inches deep, three feet long and about two feet wide. The plumber discovered the trouble in the forenoon of January 1, after digging four or five holes. After repairing the leak, the plumber ordered his workmen to fill up the holes, and they began this work in the forenoon of that day, and the plumber testified that he returned to the place in the afternoon and found them still at work filling the trenches. A witness who was a member of the fire department of the city of Evansville testified that on January 2 he passed the place where the accident afterward occurred, and that the holes made by the plumber were all filled up even with the surface of the street. There is evidence that other excavations had been made by the city water-works department in the street near the place where the accident happened, but the evidence shows, without dispute, that the injury was caused by one of the holes dug by the plumber, and there is no evidence to show that any of these excavations was left unfilled, or that any of them on the afternoon or evening of January 2, or at any time after being filled, presented such an appearance as to indicate that it rendered the street dangerous or unsafe for travel.

Appellant claims that, under such circumstances, the city

was not negligent in failing to place barriers to protect the place, or lights to warn travelers of its presence, even

3. though it turned out that the excavations were not properly filled so as to make the street reasonably safe. If the excavations were made and filled by a person not acting for the city, or under its authority, or with its express sanction, this would be correct, as in such a case the city cannot be held liable for a failure to take precautionary measures in the absence of knowledge of the unsafe condition of the street, unless such condition existed for such a length of time that notice could be implied. *Turner* v. *City of Indianapolis* (1884), 96 Ind. 51; *City of Madison* v. *Baker* (1885), 103 Ind. 41; *Town of Monticello* v. *Kennard* (1893), 7 Ind. App. 135; *Lyon* v. *City of Logansport* (1894), 9 Ind. App. 21; *Town of Lewisville* v. *Batson* (1901), 29 Ind. App. 21.

If, however, the excavations were made and filled under the authority of the municipality, or with its express sanction, the rule is different. Where a city authorizes a person not in the employ of the city, and in noway connected with the administration of its affairs, to do some act upon some of its streets, and the act contemplated is of such a character as to create a condition of the street which is necessarily or ordinarily dangerous unless precautions are taken to make it safe, the duty rests primarily on the city to see to it that such precautions are taken, and that the street is made safe for use. *City of Indianapolis* v. *Doherty* (1880), 71 Ind. 5; *Park* v. *Board, etc.* (1892), 3 Ind. App. 536; *City of Indianapolis* v. *Marold* (1900), 25 Ind. App. 428; *Moore* v. *City of Bloomington* (1912), 50 Ind. App. —; Dillon, Mun. Corp. (4th ed.) §1027.

The plumber under whose direction the excavation, which caused the injury to appellee, was made, testified that before beginning the work he talked to the clerk of the

4. board of public works, and told him that the street at that point had already been torn up, and in-

quired whether it was necessary to get another permit to dig up the street and find the trouble. The clerk informed him that as long as the city had the street dug up, he did not need a permit. He also testified that he had frequently obtained permits before that time, and that they were generally issued by the clerk of the board of works. Mr. Wunderlich, the clerk of the board, testified that the plumber telephoned to him that he had been employed by Mr. Eichel to make an opening in the street to find out whether the leak was in the sewer, but denied that he told the plumber that he could go ahead without a permit. Mr. Kreipke, a member of the board of public works of the city, testified that he was present and heard what the clerk said to the plumber, and the clerk testified that he informed Mr. Kreipke what the plumber said over the telephone. There was a conflict in the evidence as to what was said in the telephone conversation, but the jury was the exclusive judge of the credibility of the witnesses and the weight of the testimony. It had a right to believe the plumber as against both the other witnesses who testified upon the subject, and this court cannot disturb the verdict on this ground.

From the evidence most favorable to appellee, which we have set out, the jury was warranted in finding that the plumber in making the excavation in the street was acting under the express sanction of the city. An excavation made in a street creates a condition which is ordinarily dangerous, unless precautions are taken. The precautions necessary to make the street safe under such circumstances are (1) properly to guard the excavation while it remains open, and (2) properly to fill the excavation, and restore the street to a safe condition for use. The duty to see to it that these precautions are used rests primarily on the city, and cannot be delegated to others. The cases heretofore cited fully sustain our position in holding that, under the circumstances stated, the duty of guarding an excavation while it remains open rests primarily on the

city, and, by the application of the same principle on which those cases rest, we are led to hold that a like duty rests on the city to see that a street, once made defective or dangerous by an act which it has expressly authorized, is restored to a condition reasonably safe before it is again opened to the public for use.

Even though it is true, as shown by the testimony of the member of the fire department, that the excavations made by the plumber were filled up even with the surface 4. of the street on the afternoon and evening before the accident happened, it is still very apparent that they were not so filled, and the filling so packed as to make the street reasonably safe for travel, for the evidence shows that, on the morning following the injury to appellee, the hole into which the wheel of his wagon dropped was about fourteen inches deep. Appellant was therefore guilty of negligence in failing to see that this excavation made by the plumber, under its express sanction, was properly filled so as to make the street reasonably safe for use, or in keeping the place protected by guards or warning lights until it was so restored to a condition of safety.

Instructions two and three, given by the court of its own motion, are objected to by appellant as erroneous, because they assume that the street at the point in question 7. was left in a dangerous and unsafe condition. These instructions are open to this objection, but, in view of the conclusion we have reached in this case, we think that this error was harmless. As shown in the former part of this opinion, the evidence shows without dispute that the defect in the street which caused appellee's injury was produced by an excavation made therein by a plumber, and was left without being safely and properly filled so as to render the street safe for travel. Under such a state of the evidence, it was not erroneous for the court to instruct the jury that the street was left in a dangerous and unsafe condition, and, therefore, an instruction which assumed such fact to

be true is not erroneous. As we view the case, the only material question of fact upon which there is a conflict in the evidence, is whether the plumber in making and filling the excavation in question was acting under the express permission or sanction of the city. This question was decided against the city. The verdict is clearly right under the evidence, and the judgment should be affirmed.

Judgment affirmed.