SAMUEL-HAWKINS MUSIC CO., INC., *v.* ASHBY.

[No. 30,749. Filed April 6, 1965.]

*Emison & Emison*, of Vincennes, for appellant.

*Horace A. Foncannon, Jr.*, of Vincennes, and *Gerald Fuchs* and *Raymond P. Knoll*, and *Fuchs & Knoll*, of counsel, of Evansville, for appellee.

LANDIS, J.—This cause comes to us on petition to transfer from the Appellate Court pursuant to Rule 2-23 of this Court, the Appellate Court's opinion appearing in 196 N. E. 2d 760.

Appellant has appealed from an adverse judgment in an action for personal injuries growing out of an automobile accident in which the jury awarded appellee a verdict of $5,000 and found against appellant on the counterclaim. Error is assigned upon the overruling of the motion for new trial.

Appellant first contends on this appeal that the trial court erred in refusing to give to the jury appellant's tendered instructions 3, 4, and 2, asking respectively that the issues of appellant's speed, appellant's failure to keep a lookout, and appellant's failure to slow down before entering the intersection, be withdrawn from the jury. Appellant argues no evidence was introduced on said matters and therefore said instructions should have been given.

The facts pertinent for a consideration of this matter are as follows:

The automobile accident in question occurred on September 24, 1960, at about 2:30 p.m. at an unmarked rural intersection in Knox County, Indiana, when appellee's Ford sedan proceeding in an easterly direction collided with appellant's Volkswagen truck proceeding in a southerly direction. There were no surviving eye witnesses to the accident, but from photographs taken shortly thereafter, the weather appeared to be clear and sunny and the pavement dry in open country.

It further appeared that appellee's Ford sedan approached the intersection from appellant truck's right and that the two vehicles arrived at the intersection "[a]pproximately at the same time . . . ". Appellee's sedan made skid marks for a distance of 75 feet prior to the point of the collision and although the evidence

was conflicting there was testimony that appellant's truck made skid marks for 82 feet prior to the place of the collision.

It further appears the field at the northwest corner of the intersection was planted in corn but it had been "topped off" about waist high. Both drivers had an unobstructed view of each other as they approached the intersection for approximately 100 feet. Two witnesses near the intersection testified that immediately prior to the accident appellee's vehicle was travelling 40 to 45 miles per hour or at a speed described as "moderate" but there was no direct testimony as to appellant's speed.

There was considerable debris in the approximate middle of the intersection and both vehicles were heavily damaged. Appellee's automobile came to rest at the intersection, completely turned around facing the direction from which it came, while appellant's truck loaded with two organs came to a stop on its side 73 feet southeast of the point of impact.

The foregoing evidence in our opinion was sufficient to take to the jury the question of whether appellant's truck was being driven at a high and dangerous rate of speed and in excess of 55 miles per hour as alleged in the complaint. Physical facts and circumstances are often more convincing than words. It has often been recognized that various factors, such as skid marks, distance travelled after impact, force of impact and the like, are pertinent in arriving at an estimate of the rate of speed of an automobile. See: 8 Am. Jur. 2d, Automobiles and Highway Traffic, §949, p. 493; *Taylor* v. *Fitzpatrick* (1956), 235 Ind. 238, 243, 132 N. E. 2d 919, 922; *Whitaker, Admr.* v. *Borntrager* (1954), 233 Ind. 678, 684, 122 N. E. 2d 734, 736; *Lindley* v. *Sink* (1940), 218 Ind. 1, 11, 30 N. E. 2d 456, 460, 2 A. L. R. 2d 772; *Bates Motor Transport Lines,*

*Inc.* v. *Mayer, Admx.* (1938), 213 Ind. 664, 669, 14 N. E. 2d 91, 94. We note in Am. Jur. 2d Desk Book, Doc. No. 174, p. 454, is set forth a table showing that a vehicle travelling on a good pavement and equipped with good brakes, travelling 55 miles per hour could be expected to stop in 155 feet. Here there was evidence, although conflicting, that skid marks of the truck were for 82 feet prior to the impact and it appears the truck travelled an additional distance of 73 feet after the collision, or a total of 155 feet. It was not necessary that appellee prove the exact rate of speed alleged in the complaint in order to take the case to the jury on this issue. *Elgin, etc., R. Co.* v. *Scherer* (1951), 121 Ind. App. 477, 487, 98 N. E. 2d 369, 374. There was in our judgment ample evidence in the record to authorize the court to submit to the jury the question of whether appellant's truck was being driven at a negligent and high and dangerous rate of speed as alleged in the complaint.

We next consider the question of whether the issue of appellant's failure to keep a reasonable lookout should have been withdrawn from the jury as requested by appellant's tendered instruction 4.

As heretofore stated the evidence was conflicting upon the point of whether there were skid marks from appellant's truck for a distance of 82 feet to the point of the collision, it appearing that two witnesses testified contrary to a state policeman as to skid marks, one witness stating the skid marks the state policeman relied on were old skid marks made some time prior to the accident. We are unable on appeal looking at a cold transcript to weigh such evidence or determine where the preponderance lies. There was further evidence as heretofore stated that a field of corn at the northwest corner of the intersection had been "topped" or cut down to the extent that each driver had an unobstructed view of the other for 100

feet before entering the intersection. There was also much photographic evidence by both parties showing the scene as it existed and vividly demonstrating the view each driver had at the time. The collision occurred in broad daylight at 2:30 in the afternoon. The jury unquestionably under this evidence was properly permitted to consider the question of negligence on the part of appellant truck driver in failing to keep a lookout. Lookout as well as speed, under the authorities, may be established by proof of physical facts and circumstances. 3 I. L. E., Automobiles, §115, p. 467. Appellant's instruction 4 was properly refused.

Appellant's tendered instruction 2 attempting to withdraw from the jury the question of appellant truck driver's failure to drive at a reduced speed when approaching and entering the intersection, was similarly improper upon the basis of the foregoing physical evidence, some of which was in conflict, and which it is not our province to weigh as a court of review. The presence or absence of skid marks and the replete physical evidence of a violent collision of the two automobiles resulting in the death of one driver and the serious injury of the other are matters of great probative value upon the issue of whether appellant failed to drive into the intersection at an appropriate reduced speed as alleged in the complaint. See: *Taylor* v. *Fitzpatrick, supra; Whitaker, Admr.* v. *Borntrager, supra.*

Appellant's last contention of error that the lower court erred in allowing testimony to be introduced as to the presence of stop signs at another time than at the date of the accident is waived by the failure to cite authority in support of such argument. 2 I. L. E., Appeals, §387, p. 262.

Judgment affirmed.

Achor and Myers, JJ., concur.

Jackson, J., concurs in result.

Arterburn, C. J., not participating.

NOTE.—Reported in 204 N. E. 2d 679.