GILSON *v.* CITY OF ANDERSON, MADISON COUNTY, INDIANA.

[No. 20,630. Filed June 12, 1967. No Petition for Rehearing filed.]

*Schrenker & Anderson* and *Harold J. Anderson,* of counsel, both of Anderson, for appellant.

*Busby, Austin, Cooper & Farr* and *John A. Farr, Jr.,* of counsel, both of Anderson, for appellee.

BIERLY, J.—This negligence action was commenced in the Madison Circuit Court by appellant for damages for personal injuries alleged to have been sustained by her as a result of a fall on an alleged defective sidewalk in the City of Anderson, on September 19, 1965. The allegations of negligence were that the city had allowed the sidewalk in question to remain out of repair, in that the sidewalk and curb had become broken, decayed, weak and unsafe for use by pedestrians.

Issues were formed by the amended complaint and answer of denial by defendant-appellee.

Trial was had by jury which returned a verdict for the defendant, City of Anderson. Consistent judgment was decreed by the court.

Appellant then filed her motion for a new trial, the overruling of which constitutes the sole assignment of error in this appeal. Said motion is as follows:

"1. Misconduct of the jury in that one of its members, Harold C. Allen, foreman, had conversations with one of the defendant's witnesses during times when the Court was at recess during the course of the trial, said witness, Ruth Ann Lutgenau, being an employee of the City Street Department at the time of and prior to the accident as alleged in the plaintiff's complaint.

"2. That the verdict is not sustained by sufficient evidence or is contrary to law.

"3. The Court erred in admitting in evidence over the objection of the plaintiff certain evidence of defendant's witness, Earl Toombs, pertaining to an independent contractor, Vogel Construction Company, when there were no allegations pleaded in the complaint as to any independent contractor and the defendant's answer of denial to the plaintiff's complaint and without the defendant alleging or raising the issue of an independant contractor by an affirmative answer.

"4. The Court erred in excluding the following evidence offered by the plaintiff, Mildred L. Gilson, as to her conversation with the defendant's Doctor Roger R. Reed as to the nature and extent of her recovery from a broken right leg.

"5. The Court erred in giving certain instructions offered by the defendant and objected to by the plaintiff and being defendant's Instructions Numbered 5, 10, 13, 15, 20 and 25.

"6. The Court erred in refusing to give plaintiff's Instruction Numbered 15."

In connection with appellant's first specification, it affirmatively appears from the record that appellant's attorney was aware of the alleged misconduct of a juror, but failed to raise an objection before the case was submitted to the jury. The law in this regard is stated quite well in the case of *Siebeking et al.* v. *Ford* (1954), 125 Ind. App. 365, 122 N. E. 2d 880, wherein the Court held:

"The law is well settled that in matters of misconduct that if the party, or his attorneys, know of the misconduct at the time, or learn of it before the verdict and make no objection because of it, they cannot afterwards make it the grounds for a new trial."

Thus we find no error in regard to this first specification.

Appellant's specification relative to the insufficiency of the evidence to support the verdict, presents no question since this judgment is negative. That is, since appellant had the burden of proof below, and the verdict was negative to her, she is unable to legally challenge the insufficiency of the evidence to sustain the verdict. See *Board of Zoning Appeals of Town of Carmel* v. *Parsons* (1964), 136 Ind. App. 520, 202 N. E. 2d 589.

However, appellant may assert that the verdict was contrary to law. In determining whether a verdict is contrary to law, the rule is stated concisely in the case of *Hinds, Executor Etc.*, v. *McNair, et al.* (1956), 235 Ind. 34, 41, 129 N. E. 2d 553, to be that:

"If the undisputed evidence entitles the one who has the burden of proof to a verdict which has been denied him, such verdict is contrary to law. To determine this question we may consider only the evidence most favorable to the appellees, together with all reasonable inferences which may be drawn therefrom.

" 'It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law.' "

We cannot say, as a matter of law, that there was no evidence upon which the jury could have rested their verdict. The evidence discloses that the appellant was walking along a sidewalk on a street which was undergoing repairs. She was quite familiar with the area. It was late in the evening and it was quite dark. The sidewalk was generally in a poor condition, being cracked and slanted. As appellant stepped upon the curbing at an alley, the curb gave way and broke, causing her to fall and sustain injuries.

The evidence most favorable to the appellee proved that it had no actual notice of the condition of the curbing at the alley.

In order to hold a municipality liable in such a case, it must be shown that the municipality had notice of the condition or defect which was the proximate cause of the injury complained of. See: *City of Evansville* v. *Behme* (1912), 49 Ind. App. 448, 97 N. E. 565.

Therefore, we must determine whether it could have had implied or constructive notice. As stated in the case of *City of New Albany* v. *Slattery* (1920), 72 Ind. App. 503, 508, 124 N. E. 755:

"In cases like the one before us, it is well settled in this state that the complaining party must not only prove that the alleged defective condition existed, but that the city had knowledge thereof, actual or constructive, long enough before the accident to repair the defect, and failed to do so. The rule of constructive knowledge

applies only to such defects as might have been discovered by the exercise of ordinary care and diligence."

In other words, if the defect is latent, violation of ordinary care and diligence cannot be found to exist.

Evidence of probative value showed that the sidewalk was in bad condition. However, the sidewalk was not the proximate cause of appellant's injuries. It was the curb that proximately caused the injury. From the testimony, it appears that any defect in the curb in question was latent. By the appellant's own testimony it appeared latent. She testified that the curb "broke with me." Counsel for the appellee further questioned her in regard to the curb as follows:

"Q. And you indicated to me at that time, I believe, Mrs. Gilson, that you had never seen anything about this curb that would indicate to you that it was in a weakened condition before you fell. Isn't this correct?

"A. That's right. It sloped down and it was cracked.

"Q. But other than that, from all appearances at least, it appeared to be solid. Isn't this correct?

"A. Yes, it seemed to hold people.

"Q. Mrs. Gilson, I believe you also indicated to me that you did not feel that it was anything about the sidewalk slab that caused you to fall, but rather that it was the curbing. Is this correct?

"A. It was the curb, yes."

Thus, we are of the opinion that there was sufficient conflict in the evidence upon which the verdict could rest, consequently, we find no error in this regard.

Appellants' next specification concerns the admissibility of certain testimony. After reviewing the pertinent portions of the transcript, we find no error in the appellant's contentions. The only objections offered to the trial court were general objections which would not present sufficient grounds for exclusion.

The exclusion, by the trial court, of certain testimony concerning a conversation between appellant and her doctor at

the time of his examination, likewise presents no question, for in the light of the verdict, any error would be harmless.

We now must review that specification which alleges error in giving of defendant's Instructions Nos. 5, 10, 13, 15, 20, and 25.

The record is completely devoid of any objection to Instruction No. 5, therefore, it presents no question.

Instruction No. 10 instructed the jury that if they found that the accident was caused by a condition of things which the City could neither foresee nor provide against, they should find for the City.

Appellant objected,

" . . . for the reason that said instruction is not a correct statement of the law as applies to this case, as there was no evidence inferred as to the happening of any material allegation that the defendant should not foresee or provide against."

This objection seems superficial and lacks sufficient substance or clarity to justify our favorable consideration ■ Therefore, we find no error in the giving of this instruction.

Instruction No. 13 concerned itself with the necessity of knowledge of the defect, by the City, either actual or constructive. Appellant cites one case in support of its argument ■ under this instruction. However, we are of the opinion that the case cited has no bearing on the instruction as it was objected to at the trial, thus, having failed to support the argument with authority, as required by Supreme Court Rule 2-17, we find no issue presented for our determination. Under Rule 2-17 (h), appellant is required to state,

" . . . the basis of the objection to the ruling complained of, exhibiting *clearly* the points of fact and *law* being presented, and how they are applicable, *citing the authorities and statutes relied upon. . . .*" (Emphasis supplied).

Instruction No. 15, concerns itself with the amount of damages, hence any error, if one exists, would be harmless, in view of the verdict.

Instruction No. 20 is as follows:

"If you find from the evidence that the Plaintiff, Mildred L. Gilson, before her injury, knew of the condition of the curb where she fell, and thereafter failed to exercise such care in avoiding such curb as is commensurate with her capacity to appreciate and avoid danger, then your verdict must be for the defendant, City of Anderson."

This was a mandatory instruction. It was objected to in the trial court for that reason. Appellant cites one case for the proposition that mandatory instructions are not favored. No other authority is cited, thus we will not consider this instruction, as we conclude the giving of it was not error.

Instruction No. 25 informed the jury that there was no issue of insurance in this case. Appellant objected on the ground,

"That the effect of said instruction is to tell and inform the jury that there is no insurance involved in the case, when there is, in fact, the City does carry insurance and cannot only misinform the jury but create sympathy on the part of the jury toward the defendant. It is the reversal of an instruction in favor of the plaintiff advising the jury there is insurance. Only recently 210 N. E. 2d, 845, held that an instruction of this kind was reversible error."

The question of insurance was volunteered by Mr. Gilson, husband of the appellant, during cross-examination by counsel for the appellee. No objections were raised at this time by either party. The pertinent portion of the cross-examination is as follows:

"Q. That is the envelope that you mailed that notice to the Clerk's office, isn't it?

"A. That was a notice but I gave one to her for the insurance company. She told me that the city had insurance—

"Q. I'm asking you—

MR. ANDERSON: Your honor, he asked him and now he won't let him answer.

MR. FARR: This is cross-examination.

"Q. You mailed that notice to the City Clerk in that envelope. Isn't that right?

"A. Which notice are you talking about?

"Q. I'm talking about the one and the only notice, Mr. Gilson.

"A. I mailed a notice to the insurance company—

"Q. I'm talking about the City Clerk.

MR. SCHRENKER: Let him answer the question.

"Q. That is the notice that you mailed—you mailed the notice you didn't give it personally. Isn't this true?

"A. I delivered a notice personally."

Following this, the appellant's counsel then questioned Mr. Gilson on re-direct examination as follows:

"Q. Did you send a letter to the City Clerk's office of Anderson, Indiana, on October 14, —?

"A. I guess I did. That is my handwriting.

"Q. What was in that letter?

"A. I recall that I had a form that this clerk gave me to fill out for the insurance company.

"Q. What insurance company?

"A. The City had insurance—"

At this point counsel for the appellee moved for a mistrial, out of the jury's presence, for the reason that appellant's counsel "deliberately asked an overt question concerning an insurance policy of liability." This motion was denied.

Following this, again on re-direct, in response to counsel for the appellant's question, "What was in that letter that you recall?", Mr. Gilson answered, "I had some papers in that envelope that the City Clerk had given me to fill out and send in about the accident. I went to her office and she explained to me that the City carries insurance and the insurance man would contact me if I would make a complaint—or make a claim within 60 days. They were contacted and she gave me

this form. I took it home and I—." At this point counsel for appellee objected as the answer was not responsive to the question. This objection was sustained.

A few moments later, Mr. Gilson was asked on re-direct examination:

"Q. Bill, as near as you can remember, in substance, in your own words, tell this jury what those ladies said to you up there that day when you took this notice of your wife's accident up there on October 14, 1963. Not the first time but the time you delivered this notice of your wife's to the City.
"A. They told me I would have to make a form out for the insurance company and I would have to make this form out and she said she would get me one and the other woman said, we have one here and she got it for me and she gave it to me."

It appears, from the record, that appellant's counsel did nothing to prevent Mr. Gilson's testimony relative to the City being insured. In addition, the record affirmatively shows that counsel for the appellant relentlessly pursued his inquiry about insurance, and finally asked Mr. Gilson what company insured the City.

We are fully aware of the Supreme Court's holding in *White* v. *Evansville American Legion Home Ass'n.* (1965) 247 Ind. 69, 210 N. E. 2d 845, and *Miller* v. *Alvey* (1965) 246 Ind. 560, 207 N. E. 2d 633, but we are of the opinion that these decisions do not apply to the case at bar because, in the instant case, there was substantial testimony concerning insurance, while in the *Miller* and *White* cases, *supra,* there was only some indication of insurance.

In the case of *Inland Steel Co.* v. *Gillespie* (1914) 181 Ind. 633, 649, 104 N. E. 76, the court said that:

"In whatever manner the fact of insurance was shown or suggested, appellant was entitled to have the jury cautioned and instructed that such fact had no bearing on the merits of the case." Also, see: *Rust* v. *Watson* (1966), 141 Ind. App. 59, 215 N. E. 2d 42.

We fail to see how the giving of this instruction in the case at bar could have been prejudicial to appellant's cause, since it is generally held that instructions of this nature prejudice a defendant's cause by resulting in higher verdicts. In any event, appellant's counsel's own questions seeking testimony relative to insurance, waives any right he may have had to object to the giving of a remedial instruction.

In regard to the specification that the trial court erred in refusing to give plaintiff's Instruction No. 15, the appellant, in her brief, specifically waives any rights she may have had in the trial court's action.

Having found no error, we are of the opinion that the verdict of the jury and judgment of the court should be affirmed.

Judgment affirmed.

Pfaff, C. J., Cook and Smith, JJ., concur.

NOTE.—Reported in 226 N. E. 2d 921.