CITY OF SOUTH BEND *v.* REED.

[No. 967A76. Filed May 16, 1968. No petition for rehearing filed.]

*Thomas F. Lewis, Jr., Jones, Obenchain, Johnson, Ford & Pankow* and *Robert J. DuComb,* of South Bend, for appellant.

*Myron J. Hack* and *Alexander Lysohir,* of South Bend, for appellee.

COOK, P. J.—This is an action brought by the appellee Gladys L. Reed against appellant to recover damages for personal injuries allegedly sustained as a result of a fall on a public sidewalk in the City of South Bend.

Trial was had by a jury, which returned a verdict for the appellee in the sum of $10,000. Judgment was entered accordingly.

The appellant filed a motion for new trial, which was overruled.

Appellant's first specification of error is that the trial court erred in failing to instruct the jury to return a verdict for the defendant at the close of all the evidence.

This contention is based upon the appellee's failure to see the defect in the sidewalk, which defect appellant contends was in open and plain view. The record shows that appellee was looking across the street at someone she thought was a

friend at the time she fell. It is appellant's contention that this evidence renders appellee guilty of contributory negligence as a matter of law, and that it was, therefore, entitled to have the court direct a verdict in its favor.

This court, in *Town of Argos* v. *Harley* (1943), 114 Ind. App. 290, 306, 49 N. E. 2d 552, ruled that a pedestrian was not negligent as a matter of law when he fails to see a defect in plain view.

This court said,

"The appellant insists, however, that the undisputed evidence discloses that the defect in the sidewalk over which the appellee Harley fell was in plain view and he could have seen it had he looked. We are of the opinion that whether said appellee, in the exercise of ordinary care for his own safety, should have been looking at the sidewalk immediately prior to and at the time of the accident was a question for the jury to determine from all the facts and circumstances disclosed by the evidence. A pedestrian is not bound to keep his eyes constantly on the sidewalk. Nor is he required to make an active search for defects, or look for danger at every step. He is not negligent, as a matter of law, in failing to see a defect in plain view."

We believe the reasoning in the above case is sound, and we can find no valid reason for overruling this precedent. Also see, *City of Logansport* v. *Gammill* (1957), 128 Ind. App. 53, 145 N. E. 2d 908. The jury was fully instructed on the issue of contributory negligence, and it found no evidence of such conduct.

Appellant's second contention is that the trial court erred in refusing its Instruction No. 1 which instructs the jury on the defense of incurred risk. The only evidence upon which such an instruction could be based is found in the following testimony by the appellee:

"Q. Had you ever walked this way before?

A. I have sometime ago. You know I work and I take a bus. I always had a transfer and I always ride home. I seldom walk that side because when I go downtown I am

on the other side and I get the transfer and go to my job where I work and I have a transfer and I take the bus home.

Q. Have you ever walked past there?

A. I have.

Q. And did you ever see an upraise before?

A. I possibly have and don't remember."

We believe that in order to justify an instruction on incurred risk the appellant would have had to show more than that the appellee "might possibly at some time have seen an upraise somewhere." There was no showing that appellee had any knowledge of the upraise in the walk. Absent this showing the trial court properly refused appellant's tendered instruction. Moreover, appellant's Instruction No. 1 is mandatory and omits the essential element of "proximate cause." *Ryan* v. *Leach* (1966), 139 Ind. App. 14, 215 N. E. 2d 877, 878.

There being no error below, the judgment of the trial court is affirmed.

Judgment affirmed.

Bierly, Pfaff and Smith, JJ., concur.

NOTE.—Reported in 236 N. E. 2d 838.