EVA GALBREATH *v.* CITY OF LOGANSPORT.

[No. 1171A226. Filed March 3, 1972.]

*Floyd F. Cook, Cook & Cook,* of Kokomo, *Kevin Hooley,* of Logansport, for appellant.

*Tom F. Hirschauer, Miller, Tolbert, Hirschauer & Wildman,* of Logansport, for appellee.

SHARP, J.—This appeal is from the granting of a Motion for Judgment on the Evidence against the Plaintiff-Appellant and in favor of the Defendant-Appellee at the close of the Plaintiff-Appellant's evidence in chief.

There are three matters to consider here. First, the scope and application of Trial Rule 50 must be examined. Secondly,

we must consider whether the City had sufficient notice of the alleged defect. Third, we must consider the assertion that Plaintiff-Appellant was not looking where she was stepping and was guilty of contributory negligence as a matter of law.

## TRIAL RULE 50

Plaintiff-Appellant's Motion for Judgment on the Evidence was made pursuant to Trial Rule 50 of the Indiana Rules of Civil Procedure. It is to be noted that while the language and procedure under our TR. 50 is considerably changed from its model Federal Rule 50 (Motion for a Directed Verdict), the spirit remains the same. It is, therefore, appropriate for this court to look to the Federal decisions for guidance in interpreting our rule. Probably the best overall review of the federal standards is contained in *Swearngin* v. *Sears Roebuck & Company,* 376 F. 2d 637, 639 (10th Cir. 1967), where it is stated:

"The following standards have been established:

'A motion for judgment notwithstanding the verdict is actually merely a renewal of a previous motion for a directed verdict as to which the court has reserved decision. Thus the standard is the same for both motions as to when they should be granted. Motions of this kind raise the question whether there is or was any substantial evidence to take the case to the jury. Since, if granted, they deprive the party of a determination of the issues by a jury, they should be cautiously and sparingly granted. The court may not substitute its judgment on a question of fact for that of the jury, nor direct a verdict because the evidence decidedly preponderates for the moving party. * * *

The propriety of granting or denying a motion for a directed verdict is tested both in the trial court and on appeal by the same rule. The trial court must view the evidence and all inferences most favorably to the party against whom the motion is made. The reviewing court must do the same with respect to a judgment entered on a directed verdict or the denial of a motion for a directed verdict or a judgment entered notwithstanding the verdict. The decisions are many and the rule is the same both on appeal, and on the hearing of the motion in the trial court.' 2B Barron

& Holtzoff, Fed. Prac. and Proc., § 1075, at 375, 378 (Rules ed. 1961).

This court's most recent statement of the standard is:

"It seems hardly necessary to repeat the rule in this circuit that a trial judge may grant a directed verdict 'only when in his considered judgment it would have no foundation in fact, and the court in the exercise of its judicial discretion would be required to set it aside.' * * * Although the rule is simple, its application by a trial court 'is always perplexing and necessarily subject to the human equation.' In borderline cases it is difficult to exclude the personal equation, but a trial judge must recognize the possibility that, 'whatever might be his own view, other fair-minded men might reasonably arrive at a contrary conclusion.' In passing on a motion for a directed verdict he must view the evidence in the light most favorable to the opposing party. Although a scintilla of evidence is not sufficient to justify submitting a case to the jury, a verdict may not be directed unless the evidence points all one way and is susceptible of no reasonable inferences which sustain the position of the party against whom the motion is made.' " *Christopherson* v. *Humphrey*, 366 F. 2d 323, 325-326 (10 Cir. 1966). See also *Hardware Mutual Ins. Co.* v. *Lukken*, 372 F. 2d 8 (10 Cir. Jan. 1967).

In *United States* v. *Bucon Construction Company*, 430 F. 2d 420, 423 (5th Cir. 1970), the court said:

"In passing on a motion for a directed verdict, or for a judgment n.o.v., the court does not exercise discretion, but decides a pure question of law, that is, whether the evidence, considered in the light most favorable to the party against whom the motion is directed, affords substantial support for a verdict in his favor." (footnote omitted)

Finally, we deem it appropriate to quote the lament expressed in *Seganish* v. *District of Columbia Safeway Stores, Inc.*, 406 F. 2d 653, 658 (D.C. Cir. 1968), which reads as follows:

"So we conclude our review, but on a note of regret that the case must now be retried. We can see from the record that the trial judge studied appellee's motion for the directed verdict, gave careful attention to appellants' points in opposition and ruled as he read our Brodsky decision to

require. But, as we have admonished, 'if there is room for a difference of opinion, the wise course is for the trial judge to allow the case to go to the jury.' The judge is then free, should he later determine that the verdict must fall, to enter judgment notwithstanding the verdict, and our action on appeal could not necessitate another trial." (footnotes omitted)

The above quotations support and amplify the views of Harvey concerning our Trial Rule 50. In *Indiana Practice*, Vol. 3, § 50.3, in part, it states:

"Insofar as standards to be applied by the trial court are concerned, when a motion for judgment on the evidence is made, the court must draw all fair and rational inferences from the evidence in favor of the party opposing the motion, and to that party give every favorable intendment of the evidence to sustain a verdict for the non-moving party."

## NOTICE OF DEFECT

In *Gilson* v. *City of Anderson* (1967), 141 Ind. App. 180, 226 N. E. 2d 921, 924, this court stated:

"In order to hold a municipality liable in such a case, it must be shown that the municipality had notice of the condition or defect which was the proximate cause of the injury complained of. See: City of Evansville v. Behme (1912), 49 Ind. App. 448, 97 N. E. 565. Therefore, we must determine whether it could have had implied or constructive notice. As stated in the case of City of New Albany v. Slattery (1920), 72 Ind. App. 503, 508, 124 N. E. 755:

'In cases like the one before us, it is well settled in this state that the complaining party must not only prove that the alleged defective condition existed, but that the city had knowledge thereof, *actual or constructive*, long enough before the accident to repair the defect and failed to do so. *The rule of constructive knowledge applies only to such defects as might have been discovered by the exercise of ordinary care and diligence.*'" (our emphasis)

A more pointed statement is found in *City of Logansport* v. *Gammill* (1957), 128 Ind. App. 53, 145 N. E. 2d 908, 911, as follows:

"Actual notice to the City is not essential. It is sufficient if facts are pleaded from which notice may reasonably be inferred, or proof of circumstances from which it appears that the defect ought to have been known to and remedied by the City. The complaint is sufficient in this respect. City of Indianapolis v. Ray, supra; Turner v. City of Indianapolis (1884), 96 Ind. 51; City of Michigan City v. Phillips (1904), 163 Ind. 449, 71 N. E. 205; Town of New Castle v. Grubbs (1908), 171 Ind. 482, 86 N. E. 757; City of Indianapolis v. Murphy (1883), 91 Ind. 382; Town of Lewisville v. Batson (1902), 29 Ind. App. 21, 63 N. E. 861. In the case of Town of Lewisville v. Batson, supra, it was stated:

'. . . It is required to use active vigilance with reference to the condition of its streets, and if an obstruction has existed for such a length of time that considering the circumstances of the case, the municipality or its officers might have obtained knowledge of it by the exercise of a reasonable degree of diligence and attention to the condition of the streets, knowledge of the obstruction will be implied.'" With cases cited.

Also, in *City of Shelbyville* v. *Morton* (1965), 138 Ind. App. 460, 208 N. E. 2d 705, 721, this court approved the following instruction:

"The Court instructs the jury that you may find notice to the defendant city of the condition of its street at the place in conroversy, if you think it may be rightfully and reasonably inferred from the evidence given in the case, although there may be no direct testimony as to such notice."

The evidence most favorable to the Appellant in this case is that the Plaintiff-Appellant, a woman of 66 years of age, parked her car on North Street in the City of Logansport and got out to put her money in the parking meter. As she turned around from the parking meter and was walking away she caught her toe in a hole, fell and fractured her leg. Photographs taken and developed by two members of the Logansport Police Department were put into evidence. There was also a narrative description of the deterioration of the curb and cement immediately around the parking meter. The

surface of the cement was cracked and the testimony was that it was obvious that the crack had occurred over a long period of time.

It is also important to emphasize that the trier of fact had before it photographs which admittedly were accurate representations of the defects in the sidewalk in question. In view of the photographs and the other related evidence the jury, as trier of facts, should have been permitted to determine whether or not the defect in question was sufficient to put the City on notice, actual or constructive. The importance of such photographic evidence has recently been emphasized by this court in *Morgan* v. *Reneer* (1971), 148 Ind. App. 90, 264 N. E. 2d 71, and by our Supreme Court in *Samuel-Hawkins Music Co.* v. *Ashby* (1965), 246 Ind. 309, 205 N. E. 2d 679.

The above brief summary of the evidence taken in light of *City of Logansport* v. *Gammill, Gilson* v. *City of Anderson,* and *City of Shelbyville* v. *Martin,* together with the authorities cited therein, indicate clearly that actual notice is not required with reference to a defect in a public sidewalk but constructive notice is sufficient. Under those cases it is a question of fact to be determined whether or not the defect in question should have been known to and remedied by the City. Therefore, the granting of the Motion for Judgment on the Evidence was erroneous on that ground.

## CONTRIBUTORY NEGLIGENCE AS A MATTER OF LAW

The third basic contention relates to the question of contributory negligence as a matter of law. This contention is concerned with the proposition that the Plaintiff-Appellant should have seen the defect and could have seen it if she had been looking directly at it. The law with reference to this contention is well-stated by this court in *Town of Argos* v. *Harley* (1943), 114 Ind. App. 209, 306, 49 N. E. 2d 552, where it stated:

"The appellant insists, however, that the undisputed evidence discloses that the defect in the sidewalk over

which the appellee Harley fell was in plain view and he could have seen it had he looked. We are of the opinion that whether said appellee, in the exercise of ordinary care for his own safety, should have been looking at the sidewalk immediately prior to and at the time of the accident was a question for the jury to determine from all the facts and circumstances disclosed by the evidence. A pedestrian is not bound to keep his eyes constantly on the sidewalk. Nor is he required to make an active search for defects, or look for danger at every step. He is not negligent, as a matter of law, in failing to see a defect in plain view." See also, *City of South Bend* v. *Reed* (1958), 142 Ind. App. 642, 236 N. E. 2d 838.

The decision of the trial court in granting the Motion for Judgment on the Evidence was erroneous and this case should be and hereby is reversed and remanded with instructions to grant the Appellant a new trial and for all other relief consistent with this opinion.

Judgment Reversed and Remanded.

Staton, J., concurs; Hoffman, C.J., dissents with opinion.

### DISSENTING OPINION.

HOFFMAN, C.J.—I dissent from the majority opinion.

The decision in this case rests upon knowledge of the defect in question by the appellee-City of Logansport.

In *City of New Albany* v. *Slattery* (1919), 72 Ind. App. 503, at 508, 124 N. E. 755, at 756, the rule was well stated,

"In cases like the one before us, it is well settled in this state that the complaining party must not only prove that the alleged defective condition existed, but that the city had knowledge thereof, actual or constructive, long enough before the accident to repair the defect, and failed to do so. The rule of constructive knowledge applies only to such defects as might have been discovered by the exercise of ordinary care and diligence."

The evidence here shows that a defect existed. However, there is no evidence in the record to show how long such

defect, which caused the fall of appellant, was in existence. The photographs and testimony of witnesses established the exact defect in the sidewalk which caused the fall and it is not disputed that such existed. To hold the City liable evidence must be presented to establish that such defect existed a sufficient length of time so that the City knew, or should have known, of its existence and had enough time to repair such defect. There is testimony that the general poor condition of the sidewalk existed "for some time prior to her (appellant's) fall." There was no testimony that the particular defect which caused the fall was in existence for any length of time prior thereto.

From the evidence and reasonable inferences most favorable to plaintiff-appellant the trial court was correct in granting the motion for judgment on the evidence in favor of defendant-appellee.

The judgment of the trial court should be affirmed.

NOTE.—Reported in 279 N. E. 2d 578.