CITY OF INDIANAPOLIS *v.* DANIEL J. BATES.

[No. 2-174A38. Filed March 24, 1976. Rehearing denied June 28, 1976. Transfer denied September 9, 1976.]

*Gary R. Landau,* Corporation Counsel, *Charles B. Huppert,* Deputy Corporation Counsel, of Indianapolis, for appellant.

*Charles W. Ardery, Jr., Payne, Ardery, Weiland & Hollingsworth,* of Indianapolis, for appellee.

## CASE SUMMARY

BUCHANAN, J.—This is an appeal by Defendant-Appellant City of Indianapolis (City) from a trial court judgment of $7500 plus costs in favor of Plaintiff-Appellee Daniel J. Bates (Bates) upon his complaint for personal injury and personal property damage sustained in an automobile collision caused by a defective automatic control signal exhibited and maintained by City, claiming the trial court erroneously subjected City to a standard of strict liability.

We reverse.

## FACTS

Upon an agreed statement of facts the trial court rendered the following specific findings of fact, conclusions of law, and judgment:

1. That on May 26, 1971, at about 8:25 A.M. there being daylight at said time, at the intersection of West Michigan Street and North Senate Avenue, in Indianapolis, Marion County, Indiana, an automatic traffic control signal exhibited and maintained by the defendant, City of Indianapolis, showed green for both Senate Avenue and West Michigan Street.

2. That as a proximate result of the above, plaintiff who was driving west on Michigan was in collision with an automobile being driven north on Senate Avenue by one Susan Murphy, both plaintiff and Susan Murphy having the green light.

3. That as a further proximate result of the above, plaintiff sustained various personal injuries including abrasions on the side of his face and on other parts of his body, received a bump on his head, bruised his left shoulder and left arm, injured his midsection and his right ankle, and developed headaches which still persist, as do many of the other above-mentioned injuries.

4. That as a further proximate result of the above, plaintiff incurred expenses for an ambulance, for hospitalization and for doctors, and will continue to incur said expenses; lost at least two (2) days work and lost his 1967 Chevrolet Truck which was totally wrecked.

5. That plaintiff complied with statutory requirements as to notice to the defendant, City of Indianapolis.

6. That at no time prior to the collision did the defendant, City of Indianapolis know or have any reason to know of any defect in said above mentioned automatic traffic control signal or any automatic traffic control signal at the intersection of Michigan and Senate.

7. That plaintiff has been damaged in the sum of $7500.00.

## CONCLUSIONS OF LAW

1. The law is with the plaintiff.

2. The doctrine of strict liability applies against the City of Indianapolis in this cause regardless of the lack of prior notice of the double green light situation, or any other malfunction of any relevant automatic traffic control device at said intersection.

3. That plaintiff should recover from defendant $7500.00 plus costs.

## JUDGMENT

IT IS CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that the plaintiff, Daniel J. Bates, recover from the defendant, City of Indianapolis, the sum of $7500.00. Costs taxed to the defendant.
City appeals.

## ISSUE

The sole issue for our disposition is:

Did the trial court commit reversible error by subjecting City to strict liability for damage to Bates (a user of City's public streets) due to a defective automatic traffic signal?

City contends that traffic control devices such as automatic traffic signals are integral parts of the public ways, existing purely as a governmental function, and must be subject to the same notice requirements before liability may be found. Liability, if any, must be based upon negligence (and not strict liability) and must be preceded by notice of the defect and a reasonable opportunity to repair it. It also asserts no jurisdiction has ever applied strict liability to a governmental organization performing its public function.

Bates disagrees and contends the active (as opposed to passive) nature of this defect justifies imposition of strict liability.[1] He asserts the situation was so dangerous that Indiana should extend strict liability to encompass the facts of this case regardless of any prior notice to City.

## DECISION

CONCLUSION—It is our opinion the trial court committed reversible error by applying strict liability to City under the circumstances of this case.

The parties agree that sovereign (or governmental) immunity is not available to City in this case . . . and we indulge in a like assumption for the purpose of deciding this case.

See, *Board of Commissioners of Delaware County* v. *Briggs* (1975),
167 Ind. App. 96, 337 N.E.2d 852;
*Campbell* v. *State* (1972),
259 Ind. 515, 284 N.E.2d 733;
*Chadwick* v. *City of Crawfordsville* (1940),
216 Ind. 399, 24 N.E.2d 937.

In the void thereby created Bates would impose strict liability and City negligence. The law is with City.

All available Indiana authority supports the conclusion that City is liable under these circumstances, if at all, upon a negligence theory.

See, *Board of Commissioners of Delaware County* v. *Briggs, supra;*
*Campbell* v. *State, supra;*
*Galbreath* v. *City of Logansport* (1972),
151 Ind. App. 291, 279 N.E.2d 578;
*Klepinger* v. *Board of Commissioners of Miami County* (1968),

---

1. Both Bates and City couch their arguments in general terms of strict liability . . . speaking alternatively of strict liability as applied to animals, products and ultra hazardous activities. Therefore, we will do the same.

143 Ind. App. 155, 239 N.E.2d 160, *appeal after remand* 149 Ind. App. 377, 273 N.E.2d 109;

*Gilson* v. *City of Anderson* (1967),
141 Ind. App. 180, 226 N.E.2d 921;

*City of Evansville* v. *Beheme* (1912),
49 Ind. App. 448, 97 N.E. 565;

*City of South Bend* v. *Turner* (1900),
156 Ind. 418, 60 N.E. 271;

*City of Madison* v. *Baker* (1885),
103 Ind. 41, 2 N.E. 236;

*Turner* v. *City of Indianapolis* (1884),
96 Ind. 51.

*See also, Miller* v. *Griesel* (1974),
261 Ind. 604, 308 N.E.2d 701;

Annot., 34 A.L.R. 3D 1008 (1970) ;

MCQUILLIN, MUNICIPAL CORPORATIONS
§ 54.102 (1967) ;

IC 1971, 34-4-16.5-1 ET. AL.
(Burns Code Ed. Suppl. 1975).

We find no Indiana authority (and are directed to none) that would extend strict liability in any form to meet the specific facts of this case.[2]

Having so decided our task is not complete. We must still affirm the trial court's judgment if sustainable on any other theory, e.g., negligence.

*See, Montgomery Ward & Co.* v. *Tackett* (1975),
163 Ind. App. 211, 323 N.E.2d 242, 247;

*Sheraton Corp. of America* v. *Kingsford
Packing Co., Inc.* (1974),
162 Ind. App. 470, 319 N.E.2d 852;

*Hunter* v. *Milhous* (1973),
159 Ind. App. 105, 305 N.E.2d 448;

*Saloom* v. *Holder* (1973),
Ind. App., 304 N.E.2d 217;

*Gerlot* v. *Swartz* (1937),
212 Ind. 292, 300, 7 N.E.2d 960.

2. Whether a municipality may be strictly liable under other circumstances is, of course, not before us.

However, the judgment is not supportable on a theory of negligence because the City must have actual or constructive knowledge of a defect or a reason to know that it exists and an opportunity to repair, as a prerequisite to its liability for negligence in such cases.

*See, Galbreath* v. *City of Logansport, supra;*
*Gilson* v. *City of Anderson, supra;*
*City of Madison* v. *Baker, supra;*
*Turner* v. *City of Indianapolis, supra;*
Annot., 34 A.L.R. 3D 1008 (1970) ;
MCQUILLIN, *supra.*

Bates *stipulated* and the trial court specifically found :

That at no time prior to the collision did the defendant, City of Indianapolis, know or have any reason to know of any defect in said above mentioned automatic traffic control signal or any automatic traffic control signal at the intersection of Michigan and Senate.

Under these circumstances the judgment must be reversed.

Reversed.

White, J., concurs ; Sullivan, J., concurs with opinion.

### CONCURRING OPINION

SULLIVAN, J.—I concur only because I agree that countervailing policy considerations warrant non-application of the strict liability rule of Section 402A of the Restatement of Torts despite my conclusion that the rationales for application of the rule are, for the most part, here present.

NOTE.—Reported at 343 N.E.2d 819.