## PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILROAD COMPANY v. PHILPOTT, ADMINISTRATRIX.

[No. 10,472. Filed June 25, 1920. Rehearing denied November 5, 1920. Transfer denied February 4, 1921.]

1. RAILROADS.—*Use of Tracks by Public.—Liability for Injuries.* —A railroad company owes pedestrians on public streets crossed by its tracks a duty not to negligently injure them, but to pedestrians who are trespassers on its right of way it owes no duty except not to wilfully injure them. pp. 62, 63.

2. RAILROADS.—*Use of Tracks by Public.—Injuries to Pedestrian. —Liability.*—The fact that the public used the tracks at the place where decedent was killed will not create a liability against the railroad company for negligence resulting in injury, unless such place was a public highway or street. p. 62.

3. EVIDENCE.—*Judicial Notice.—Location of City Streets.*— Although the courts must take judicial notice of the existence and names of cities and towns and, in a general sense, of their locations, the location of places within cities, such as streets, is a matter of averment and proof. p. 63.

4. RAILROADS.—*Use of Track by Public.—Injuries to Trespasser. —Liability.*—That the place where a pedestrian was injured was used by the public for the purpose of crossing the railroad tracks with the consent or knowledge of the railroad company did not impose upon the company a duty to maintain a lookout or watchman, unless the place of crossing was a public highway. p. 63.

5. EVIDENCE.—*Location of City Street.—Oral Testimony.—Recorded Plat.*—In an action against a railroad company for the death of a pedestrian at a street crossing, expressions by witnesses used only for the purpose of locating the event about which they were testifying, without intention of fixing the boundaries of a street involved, cannot prevail with reference to the location of such street against an uncontroverted and official plat of the locality, recorded in a plat book of the county, which plat was introduced in evidence. p. 64.

From Marion Superior Court (A2,134); *W. W. Thornton*, Judge.

Action by Lucretia Philpott, administratrix of the estate of Cyrus Philpott, deceased, against the Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Samuel O. Pickens, Charles W. Moores, R. F. Davidson* and *Owen Pickens*, for appellant.

*Hottel & Patrick* and *George W. Galvin*, for appellee.

NICHOLS, J.—Action by appellee against appellant for damages arising out of the death of her decedent, who was killed when struck by one of appellant's engines at the intersection of Arsenal avenue and appellant's tracks, in Indianapolis, Indiana, while deceased was proceeding along Arsenal avenue. It is averred in the first paragraph of the complaint that appellant has shops and yards in the eastern portion of said city where it makes up its trains, which shops and yards are immediately east of the intersection of Southeastern avenue, Oriental street, Leota street, and Arsenal avenue, at which crossing there are many tracks. On February 4, 1918, there was an ordinance in force in said city making it the duty of every engineer, conductor, or other person engaged in running any locomotive, to ring the bell attached to such locomotive when the same is moving through the city. The ordinance also provided that it should be unlawful for any such operator of locomotives, car, or train of cars, to run or cause the same to be run backward in or through said city without providing a watchman or other person on the rear end of such locomotive, car, or train of cars, to warn persons of its approach and to prevent accidents. When such locomotive, car, or train of cars is being operated between the hours of sunset and sunrise, the ordinance

required a white light on the front end, being the end pointing in the direction in which the same is moving, and a red light on the rear end.    There was also at said time a speed ordinance limiting the speed of engines, cars and trains of cars to fifteen miles per hour.    On said date, while appellee's decedent was in the use of Arsenal avenue at its intersection with the railroad tracks, appellant approached said Arsenal avenue operating one of its trains at a careless and negligent rate of speed for the time, place, and under the circumstances, to wit, at the rate of twenty miles per hour, and after the hour of sundown, without a light upon the front end of such train, without a watchman or guard thereon, and without ringing the bell thereon, or causing the same to be rung, and negligently ran its said train against and upon appellant's decedent, immediately killing him.    He left surviving his widow appellee, and three children, Virgil, thirty-five years old, Lottie, thirty-two, and William, twenty-nine.

The second paragraph of complaint, in addition to the substantial averments of the first paragraph, avers that appellant, after throwing appellee's decedent upon its tracks and catching him within the parts of its train, and dragging him and finally running said train over him and leaving him on the track, then knowing of his position on said tracks and of his imperiled condition, or by the exercise of reasonable care could have known, carelessly and negligently, without any attempt to remove the decedent from the tracks, and without any thought or care for his condition, backed its said train upon and over said decedent, killing him, at the time knowing of his presence and his condition of peril, or by the exercise of reasonable care could have known. There is a prayer for $10,000 damages.

There was an answer in denial, a trial by jury, and a verdict and judgment for appellee for $2,500.

The error assigned is the action of the court in overruling appellant's motion for a new trial.

Both paragraphs of the complaint proceed upon the theory that appellee's decedent was in the use of Arsenal avenue, in the city of Indianapolis, at the place where said avenue intersects appellant's railroad tracks, when he was struck and killed. It is to be noted that there is no averment in the complaint that Arsenal avenue was a public street. If Arsenal avenue was a public street then and there being used by such decedent, he was a pedestrian, to whom appellant owed the duty not to negligently injure. The only evidence offered and introduced with reference to the location of Arsenal avenue, or that it was a public street, is that of a plat which shows the avenue. This plat does not show that Arsenal avenue crosses appellant's tracks, but only that it extends to them. This does not show appellant's tracks to be on or across Arsenal avenue. The fact that the public were using the tracks at the place of the accident, unless it was a public highway or street, would not create a liability against appellant for negligence resulting in injury. *Cannon* v. *Cleveland, etc., R. Co.* (1902), 157 Ind. 682, 62 N. E. 8; *Brooks* v. *Pittsburgh, etc., R. Co.* (1902), 158 Ind. 62, 62 N. E. 694; *Manion* v. *Lake Erie, etc., R. Co.* (1907), 40 Ind. App. 569, 80 N. E. 166. If it be conceded that appellant's tracks cross the avenue, yet if, as appellant contends, such decedent was west of Arsenal avenue when killed, then there is still a question as to whether he was in a public place where he had a right to be, or whether he was a trespasser on private grounds. If the latter, appellant was not liable for negligently injuring him. Appellee says that the tracks west of Arsenal avenue were on Maryland street, and has undertaken to show this fact by a plat, but in this she has failed. There is no other evidence

of the location of either Arsenal avenue or Maryland street, unless we may say that the fact that the location of the accident is mentioned in the course of the trial as being on Arsenal avenue, or on Maryland street is some evidence. We note that Maryland street, its location and character, as a public street, is not mentioned in the complaint. Appellee argues that the court will take judicial notice of the location of Maryland street in said city. We do not so understand the law. The courts must take judicial notice of the

3. existence and names of cities and towns, and in some general sense of their location, but locations within such cities are a matter of averment and proof. *Grusenmeyer* v. *City of Logansport* (1881), 76 Ind. 549. We only hold that it does not appear affirmatively by the evidence that Maryland street extends west from Arsenal avenue, and that it does not appear by the evidence that the tracks west of Arsenal avenue are in a public highway. The evidence is certainly very unsatisfactory as to the exact place of the accident, and this court does not weigh it. Unless there is some evidence that the decedent was in a public place, there can be no recovery on the ground of appellant's negligence, and

any instructions based upon such negligence

1. would be erroneous, for if the accident occurred on private grounds of appellant, the deceased was a trespasser, to whom appellant owed no duty, except not wilfully to injure him. *Chicago, etc., R. Co.* v. *Hedges* (1886), 105 Ind. 398, 7 N. E. 801; *Jordan* v. *Grand Rapids, etc., R. Co.* (1904), 162 Ind. 464, 70 N. E. 524, 102 Am. St. 217.

In the event of a new trial, the application of the foregoing principles will prevent the errors complained of in giving or refusing instructions, and we

4. therefore deem it unnecessary to discuss them. We may say, however, that the court's instruc-

tion No. 7 says to the jury that, if the place where the accident happened was used by the public for the purpose of crossing appellant's right of way with its consent or knowledge, it was the duty of appellant to keep a lookout for the decedent's presence, for he had a right to use such crossing. This is not the law, unless such place of crossing was a public highway. *Cannon* v. *Cleveland, etc., R. Co., supra*. Appellee's instruction No. 10, given by the court, which seems to be an effort to present the doctrine of last clear chance, is ambiguous, misleading and confusing, and should not have been given.

The judgment is reversed, with instructions to grant a new trial.

McMahan, C. J., and Remy, J., each concur in result.

## ON PETITION FOR REHEARING.

NICHOLS, J.—Supporting her petition for rehearing, appellee in a forceful brief calls our attention to certain expressions by witnesses, with reference to

5. Arsenal avenue, as being some evidence that Arsenal avenue crosses the railroad tracks of appellant; but these expressions, used only for the purposes of locating the event about which the witnesses testified, without intention of fixing boundaries, cannot prevail against an uncontroverted and unquestioned official plat of the situation recorded October 2, 1871, in plat book 3 of Marion county at page 208, put in evidence by appellee, which plat evidenced the legal dedication of Arsenal avenue as a public highway, and which shows that Arsenal avenue extended only to the south line of the donor's lots, which was also the north line of appellant's right of way; the railroad having theretofore been built, and being then in operation. We note, also, that the south line of the south tier of lots of this plat is fifteen feet north of the north track of the rail-

road, and that Maryland street is not therein mentioned. It is true that the records show that Maryland street is a street in the city of Indianapolis, and that by ordinance appellant had been granted the right to lay its tracks in such street, but it does not follow from this that there was a Maryland street at the place where the accident occurred. Appellee says that it is well-settled law that courts will take judicial knowledge of geographical locations. If we were to ignore the case of *Grusenmeyer* v. *City of Logansport* (1881), 76 Ind. 549, and hold that the principle announced by appellee applies to the existence and location of streets inside of the city limits, we might probably take judicial notice that Arsenal avenue only extended to within fifteen feet of the tracks of appellee, and that there never was, and was not at the time of the accident involved, any Maryland street between State street on the east of Arsenal avenue and Michigan street on the west. Sustaining this probability, it is significant that §2170 of General Ordinance No. 24 of the city of Indianapolis, put in evidence by appellee, and granting the right to lay the railroad tracks in Maryland street, provides that the railroad company shall construct culverts and street gutters along the north line of Maryland street, but from State street west to Michigan street it provides that the company shall lay a 24-inch Akron sewer pipe, or other pipe equally as good, *along the north of said company's real estate.* As there must be another trial, the question whether there was an Arsenal avenue or a Maryland street at the place of the accident can be definitely determined, and upon this must depend the ultimate question as to whether appellee's decedent was a trespasser.

The petition for rehearing is overruled.