MAYS *v.* WELSH.

[No. 27,527.   Filed March 26, 1941.]

358

*Clifford V. DuComb, John Warrick* and *Walter R. Arnold,* all of South Bend, for appellant.

*James Keating* and *George Beamer,* both of South Bend, for appellee.

RICHMAN, J.—This appeal is from a judgment upon a verdict in favor of appellee, a boy eleven years old, on account of personal injuries sustained when he was less than five years old by alleged negligence of the driver of a truck owned by appellant. Overruling motion for new trial is the only error assigned. It is urged that the verdict is not sustained by sufficient evidence and is contrary to law.

The complaint proceeds on the theory that appellee was playing in an east and west alley when appellant's truck, which had come from the north on a street that intersected the alley, was negligently operated by appellant's agent who drove the truck from the street westward into the alley so as to run over appellee, breaking both of his legs, from which permanent injury resulted. There are three charges of negligence: (1) failure to keep a look-out on the right side and to see appellee; (2) failure to have the truck under control so as to avoid hitting appellee; (3) failure to give timely warning or signal of his approach.

The first proposition is that there was no evidence that the alley was a public alley and therefore it must be assumed that appellee was a trespasser to whom appellant owed no duty except to refrain from wilful injury.

One O'Brien was driving and Bucher riding with him. There was evidence that the latter was a regular driver for appellant. He testified as follows:

Q. "That was a public alley, was it not?"
A. "Yes, sir."
Q. "Used by people—?"
A. "Everybody."

One of appellant's attorneys moved to strike out other evidence expressly on the ground:

"It was a public alley; and therefore the evidence would be incompetent."

We think this was sufficient proof, particularly as the question was not raised in the lower court. The cases relied upon by appellant may be distinguished. In *Pittsburgh, etc., R. Co.* v. *Philpott, Admx.* (1921), 75 Ind. App. 59, 127 N. E. 827, 128 N. E. 662, the court said that expressions of witnesses "used only for the purposes of locating the event about which the witnesses testified, without intention of fixing boundaries, cannot prevail against an uncontroverted and unquestioned official plat . . ." which showed that the accident occurred on private property. In the other cases cited, the place of the accident was private property and the only question was whether the person injured was an invitee.

In the case at bar, while the complaint does not describe the way as a public alley and for that reason it might have been demurrable, the issue arises on the evidence and the complaint may be deemed to have been amended to conform with the proof.

Next appellant urges that he is not liable because appellee had left the alley before the truck entered. Appellee testified that he was playing in the alley about fifteen feet in from the street, the alley was about fifteen feet wide, he saw the truck when it was "quite a ways down the street," did not then know it was appellant's truck, paid no attention to it, next saw it when it turned into the alley and he then started up a sand bank at the side of the alley and was brushed off by the "rub rail," a projecting part of the trailer, and fell under the wheels. The driver testified that he was driving a two-unit 40-foot trailer, the rear unit being 22 feet long, he made a square turn with the motor truck so that the trailer

would swing into the alley, he stopped before entering and then "slid" across the sidewalk into the alley and shifted into "creeper." The alley was sandy and up-grade from the street. Certain photographs were in evidence marked by witnesses during the trial indicating the position of the boy in the alley before the truck entered, the place where he climbed on the sand bank, and the line traveled by the trailer wheels near the bank which was immediately north of the traveled portion of the alley. A neighbor woman testified that she picked the boy up from the alley after the wheels had run over him.

We think the jury might reasonably have drawn the inference from the facts and circumstances so detailed that if the driver had kept a proper lookout to the right he could have seen the boy and stopped and that a timely warning might also have avoided the injury. There was no direct evidence either that warning was or was not given but the fact of appellee's attempt to escape injury when the truck entered the alley affords an inference that he would not have been oblivious to warning if one had been given, *Grand Trunk, etc., R. Co.* v. *Reynolds* (1911), 175 Ind. 161, 171, 92 N. E. 733, 93 N. E. 850. The fact that the boy in attempting to avoid injury crossed the alley line did not relieve appellant from the duty which began when he was in the alley. The duty continued until he was out of danger.

There was conflicting evidence that the boy was near a street corner half a block north of the alley when the truck passed him, that he was then warned not to climb on the trailer and that no one in the truck knew he had been injured until it was stopped near appellant's garage some distance westward in the alley. We are not required to weigh the evidence. There is some evidence to sustain the ver-

dict on both the first and the third charges of negligence. It follows that there was no error in refusing the instructions which would have taken these issues from the jury. The second was so taken. If there had been sufficient evidence only on one issue so that both of the others might properly have been withdrawn, we think any error in refusing instructions to that effect would have been harmless. There were not many witnesses, the issues were simple and the jury was not likely to be confused. We can conceive a situation where to refuse an instruction to withdraw an issue might be harmful but this is not such a case.

An instruction on damages told the jury that it might consider "bodily pain and suffering already endured, if any, and that he may endure in the future from said injuries, if any." Appellant would limit recovery to such pain and suffering as the injured party is "reasonably sure to suffer," citing *Jackson, Receiver* v. *Rutledge* (1919), 188 Ind. 415, 122 N. E. 579. But the court there held that while a similar instruction was subject to criticism, the jury was not misled. Such is our view in this case. There was evidence of pain and tiring at the time of the trial, six years after the injury, with a deep scar on one leg with adhesions to the bone, and that these conditions would be permanent. The instruction was applicable to this evidence.

Appellant's complaint as to appellee's instruction No. 4 is not clear. The instruction told the jury that if the driver was the agent of appellant and the driver's acts were within the scope of his authority, appellant would be responsible for the acts. It would seem that the word "authority" is criticised. But in the last sentence of the instruction it is made plain that the court used the word in the sense of

"employment." It was supplemented by No. 12 given at the request of appellant, which stated that appellant would not be liable unless such agency was proved, the agent's acts were within the scope of his employment, were negligent, and were the proximate cause of the injury. If the one instruction was incomplete the deficiency was supplied by the other.

An instruction in general terms as to proof by circumstantial evidence is claimed by appellant to have permitted the jury to consider as proof of agency declarations of the drivers Bucher and O'Brien made in the absence of the appellant. This is an ingenious but not convincing argument. Agency may be proved by acts and circumstances. *Southern R. Co.* v. *Crone* (1912), 51 Ind. App. 300, 310, 99 N. E. 762. Appellant has not pointed out any declarations of the drivers as to their agency. Bucher said that they were not working for appellant at the time of the accident but the jury was not bound by that statement. It is to be noted that appellant does not contend that the evidence is insufficient to establish agency.

The court's instruction on the measure of care of appellee, a boy less than 5 years old, might have been harmful to appellee as a submission of the question of contributory negligence to the jury. *Elwood St. R. Co.* v. *Ross* (1901), 26 Ind. App. 258, 58 N. E. 535. It certainly was more than appellant had the right to ask and he was not harmed.

Appellant's instruction No. 13 to the effect that hospital and medical expense should not be considered on the question of damages was properly refused. The only evidence to which it would have been applicable was excluded upon appellant's objection. The argument is specious that because the evidence was offered and excluded it "went to the jury."

The last assignment, that the damages are excessive, is not stressed. The verdict was for $3,000. Both femurs were broken, the right one in two pieces with the bone projecting through the skin. He was in a hospital from April 13, 1932, until the latter part of June of that year. Afterwards there was infection of the bone and he was taken again to the hospital in the latter part of October where dead bone was removed and he remained there until December 14, 1932. The injuries were permanent with scar tissue adhering to the bone. While he could walk and run with the other children he still had pain and got tired at the time of the trial six years after the injury. These facts having been shown by the evidence, the trial court did not see fit to order a remittitur, nor shall we.

The cross-errors assigned by appellee go only to the question of whether the appeal was properly taken, which it is not necessary to decide.

The cause was fairly tried and, finding no error, the judgment is affirmed.

NOTE.—Reported in 32 N. E. (2d) 701.