HARELD E. CHANEY AND MILDRED C. CHANEY *v.* SANDRA
TINGLEY

[No. 1-177A11. Filed September 1, 1977. Rehearing denied September 22, 1977.
Transfer denied December 16, 1977.]

*Frederick T. Bauer, Bauer, Miller & Bauer*, of Terre Haute,
*John J. Thomas, Thomas & Thomas*, of Brazil, for appellants.

*D. Joe Gabbert, Patrick, Ratcliffe, Gabbert, Wilkinson, Goeller
& Modesitt*, of Terre Haute, for appellee.

ROBERTSON, C.J.—Plaintiffs-appellants (Chaneys) are appealing
from a negative judgment on a suit for damages resulting from a
collision on August 25, 1975, wherein a pick-up truck operated by
defendant-appellee (Tingley) struck the rear and left side of an

automobile occupied by the Chaneys, which was parked at a curb on a city street in Terre Haute.

The facts show that the Chaneys were parked on the east side of 13th St., facing north. Tingley, who was approaching the Chaneys' car from the rear, traveling north, observed Mrs. Chaney open the driver's door into her path when she was 30 to 60 feet to the rear of the Chaneys' vehicle. Mrs. Tingley immediately applied her brakes causing her to skid into the left rear of the Chaney vehicle with the right front of her vehicle and, subsequently, causing her to hit the open driver's door of the Chaney vehicle.

The Chaneys filed a joint complaint as husband and wife with each of them claiming personal injuries and past and future loss of income from their business. Hareld Chaney also claimed loss of services and medical expenses of his wife. Trial began May 25, 1976, and the jury rendered a verdit for Tingley on May 27, 1976.

Judgment was entered May 28, 1976, with the Chaneys filing their Motion to Correct Errors on July 23, 1976.

The issues presented for review are:

1. whether the trial court committed error in tendering and reading to the jury defendant's tendered instructions concerning the theory of "joint enterprise."

2. whether the trial court committed error in refusing to give plaintiff's tendered instructions concerning defendant's duty to keep proper lookout and use due care to avoid a collision.

3. whether the verdict and judgment is contrary to law in view of the evidence presented at trial.

## I.

The Chaneys first assert that the trial court erred in giving two instructions over their objections in that there was no evidence before the jury from which it might find that a joint enterprise existed between the Chaneys, nor was there any evidence before the jury from which it might find that there was

any negligence on the part of Mrs. Chaney which might be imputed to Mr. Chaney.

This court in *Grinter v. Haag* (1976), 168 Ind. App. 595, 344 N.E.2d 320, 322-323, approved the requirements for establishing a joint enterprise as set forth in *Keck v. Pozorski* (1963), 135 Ind. App. 192, 191 N.E.2d 325, as follows:

"To establish a joint enterprise, an essential element is the existence of joint control over the management and operation of the vehicle and over the course and conduct of the trip. There must be a community of interest in the object and purpose of the undertaking and an equal right to direct and govern the movements and conduct of each other in respect thereto. As between the parties, there must be a contract either express or implied, to that effect." (Citations omitted.)

Concerning the issue of joint control or right to control, the *Grinter* court quoted from a discussion by Dean Prosser:

"The prevailing view is that a joint enterprise requires something, beyond the mere association of the parties for a common end, to show a mutual 'right of control' over the operation of the vehicle — or in other words, an equal right in the passenger to be heard as to the manner in which it is driven. It is not the fact that he does or does not give directions which is important in itself, but rather the understanding between the parties that he has the right to have his wishes respected, to the same extent as the driver. In the absence of circumstances indicating such an understanding, it has been held that companions on a pleasure trip, members of the same family, parties engaged in a commercial transaction, servants riding with the employer, or fellow servants in the course of their employment, although they may have a common purpose in the ride, are not engaged in a joint enterprise. Nor, of course, is the fact that the passenger has requested the driver to make the trip for his benefit sufficient to establish such a right of control.

*"If the purpose of the journey is a business or financial one, in which the parties have a common interest, the mutual right to direct the operation of the car is much more readily found.* There are courts which have gone so far as to say that the mutual right of control does not exist, and so a joint enterprise does not exist, in the absence of such a common pecuniary

interest in the use of the car for the trip. The justification for this position may be that such a financial venture involves a closer analogy to the law of partnership, and affords more reason for regarding the risk as properly to be charged against all those engaged in it.

\* \* \* \* \* \*

"*The essential question is whether the parties can be found by implication to have agreed to an equal voice in the management of the vehicle, which in the normal and usual case is merely an issue of fact for the jury.*" (Our emphasis.).

Prosser, The Law of Torts
§72 (4th Ed. 1971).

The instructions to which the Chaneys have objected were pattern jury instructions very similar to those given by the trial court in *Leuck v. Goetz* (1972), 151 Ind. App. 528, 280 N.E.2d 847, where the appellate court found no evidence in the record that a joint enterprise existed between the appellant wife and husband in that there was no showing of a joint proprietary purpose.

In the case at bar, evidence was admitted to show that Mr. and Mrs. Chaney, as husband and wife, had owned and operated Chaney's Jewelry Store in Brazil, Indiana since 1939. While the Chaneys did not file partnership returns on their income, they had jointly showed profit or loss from business or profession, and Mrs. Chaney had worked full-time in the jewelry store for twenty-five years, participating in its operation, management, and control.

On the day of the accident, the Chaneys had driven from Brazil to Terre Haute to see about a customer's watch that a Charles Cox was repairing for them. Immediately prior to the accident, the Chaneys had parked near Cox's shop and were trying to decide whether they would leave the watch with Cox or take it with them. After deciding to pick up the watch, the Chaneys were in the process of exiting their vehicle when the collision occurred.

We think that there is ample evidence in the record to show that both Mr. and Mrs. Chaney were directly and actively involved and participating in a common business related enterprise at

the time this accident occurred. The Chaneys were exiting their vehicle so as to pick up their customer's watch — an action which was directly related to their jewelry business. If Mrs. Chaney was negligent in attempting to exit their vehicle onto the busy city street, then that negligence may be imputed to her husband on the theory of joint enterprise, and the trial court so instructed the jury.

## II.

The second specification of error concerns the trial court's refusal to give plaintiff's tendered instructions concerning defendant's duty to keep proper lookout and use due care to avoid a collision.

As this court stated in *Thornton v. Pender* (1976), Ind. App. 346 N.E.2d 631, 633:

"Under Indiana law, a motorist has a duty to maintain a lookout while traveling on a highway. *Samuel-Hawkins Music Co. v. Ashby* (1965), 246 Ind. 309, 205 N.E.2d 679; *Jackman v. Montgomery, supra.* This duty to maintain a lookout includes the duty to look at more than the traveled portion of the highway, e.g., travelers along the side of the highway, *Jackman v. Montgomery, supra,* vehicles approaching the highway from another intersecting roadway, *Samuel-Hawkins Music Co. v. Ashby, supra,* and children or bicycles along the road, *Mays v. Welsh* (1941), 218 Ind. 356, 32 N.E.2d 701. Likewise, the motorist has a duty to use due care to avoid a collision and to maintain his automobile under reasonable control. *Taylor v. Fitzpatrick* (1956), 235 Ind. 238, 132 N.E.2d 919."

In the instant case, the trial court issued the following instruction concerning the defendant's negligence:

### COURT'S FINAL INSTRUCTION NO. 9

The plaintiff has the burden of proving the following propositions:

FIRST: That the defendant was negligent in one or more of the following particulars;

    (a)    failed to keep a lookout for other motor vehicles located upon the paved portion of said street, including the parked automobile of the plaintiffs;

(b)     failed to keep her pickup truck under control so as to avoid colliding with plaintiffs' parked automobile;

(c)     failed to apply her brakes so as to avoid striking plaintiffs' parked automobile; and

(d)     failed to turn her motor vehicle to the left so as to avoid striking plaintiffs' parked automobile.

SECOND: That the plaintiffs were injured.

THIRD:     That the negligent act or omission of the defendant was a proximate cause of the injury to plaintiffs or either of them.

If you find from a consideration of all the evidence that these propositions have been proved then your verdict should be for the plaintiffs or either of them. However, if you find from a consideration of all the evidence that any of these propositions have not been proved, or if you find that plaintiffs were guilty of contributory negligence, your verdict should be for the defendant.

The Chaneys tendered the following instructions which the trial court rejected:

### PLAINTIFF'S INSTRUCTION NO. 1

You are instructed that Sandra Tingley was under a duty to exercise ordinary and reasonable care to avoid colliding with any automobile which might be-parked along the street here involved, and that duty included keeping a lookout for other autos and the duty to operate her motor vehicle at a reasonable rate of speed so as to have it under such control as it might, by the exercise of ordinary care, avoid colliding with any auto using or parking upon the paved portion of such street.

### PLAINTIFF'S INSTRUCTION NO. 2

The court instructs you that it was the duty of Sandra Tingley, while operating her motor vehicle, to maintain such lookout ahead and such control over such motor vehicle so as to be able to avoid colliding with the parked vehicle of the plaintiffs. She was bound to see what she could have seen if she

had exercised due care under the circumstances. The failure to maintain such a reasonable lookout constitutes negligence.

Plaintiff's tendered Instruction No. 1 makes reference to defendant's duty to "operate her motor vehicle at a reasonable rate of speed" although the Chaneys never alleged that Tingley was driving at an excessive rate of speed, and the undisputed evidence showed that Tingley's speed was within the speed limit and reasonable under the circumstances.

When considering the propriety of an instruction, the rule in Indiana is that it is error to instruct a jury as to the law in an area unless evidence has been admitted rendering such legal theory applicable to the case. *Elgin Joliet & Eastern Railway Company v. Hoob* (1975), 166 Ind. App. 366, 336 N.E.2d 417, 419.

Plaintiff's tendered Instruction No. 2 refers to the issue of defendant's duty to keep a proper lookout. However, we think that the Court's Final Instruction No. 9 adequately covers this issue by setting forth the specific acts of negligence claimed by the Chaneys which were:

(a) failure to keep a lookout

(b) failure to keep her vehicle under control

(c) failure to apply her brakes, and

(d) failure to turn her motor vehicle to the left to avoid the collision.

It is well-established that error cannot be predicated upon the trial court's failure to give a requested instruction when its subject matter is adequately covered by other instructions. *Frankfort v. Owens* (1976), 171 Ind. App. 566, 358 N.E.2d 184, 192.

In *Jackman v. Montgomery* (1974), 162 Ind. App. 558, 320 N.E.2d 770, this court held that the refusal of the trial court to issue plaintiff's tendered instructions concerning failure to maintain a lookout was reversible error where the trial court relied on a general instruction and refused a more specific instruction. In

the case at bar, however, the Court's Final Instruction No. 9 not only defined the issues and specific allegations of negligence brought out during trial, but was accepted by the Chaneys as a correct statement of the issues and was tendered without objection. The court's final instructions included the important provision of Plaintiff's Instruction No. 1 and instructed the jury on Tingley's duty to maintain a proper lookout without imposing upon her an absolute duty of avoiding the collision, as appears to be the intent of the final two sentences of Plaintiff's Instruction No. 2, which read:

> "She was bound to see what she could have seen if she had exercised due care under the circumstances. The failure to maintain such a reasonable lookout constitutes negligence."

We think the trial court's final instructions adequately covered the issues raised by the evidence at trial and there was no error in the refusal to give the Chaneys' tendered instructions.

### III.

Finally, the Chaneys assert that the verdict and judgment of the trial court is contrary to law.

In determining whether a negative judgment is contrary to law, this Court is to consider only the evidence most favorable to the appellees, together with all reasonable inferences therefrom. It is only where the evidence leads to but one conclusion and the trial court has reached an opposite conclusion that the decision of the trial court will be disturbed as being contrary to law. This court, as an appellate tribunal, will neither weigh the evidence nor question the credibility of witnesses. *Fisel v. Yoder* (1974), 162 Ind. App. 565, 320 N.E.2d 783; *Link v. Sun Oil Company* (1974), 160 Ind. App. 310, 312 N.E.2d 126.

The uncontradicted evidence before the trial court was that Tingley was keeping a proper lookout and that Mrs. Chaney opened her door and started to exit the car without looking for oncoming traffic. The evidence also establishes that Tingley was approximately thirty feet from the Chaneys' car when she saw the

driver's door open on the Chaney vehicle and immediately applied the brakes on her vehicle. The appearance of skid marks in the street which ended at the front tires of Tingley's truck shows that she responded to the sight of Mrs. Chaney emerging from the parked car by immediately braking hard to avoid a collision. There is no evidence of any activity on the part of the Chaneys prior to Mrs. Chaney's opening her door which would have indicated to Tingley that they were going to leave their vehicle. The Chaneys' cause of action for Mrs. Chaney's personal injuries was thus barred by the contributory negligence of Mrs. Chaney in opening her car door in the face of following traffic, Mrs. Chaney's negligence being imputed to her husband under the theory of joint enterprise discussed above.

The record, therefore, when considered most favorably to the appellee, sustains the verdict and judgment in favor of defendant-appellee, and is not contrary to law.

Having resolved all the issues in favor of the judgment of the trial court, we affirm its decision.

Lowdermilk and Lybrook, JJ., concur.

NOTE—Reported at 366 N.E.2d 707.