MONROE COUNTY COMMUNITY SCHOOL CORPORATION, Appellant (Defendant Below),

v.

William E. FROHLIGER (on behalf of himself and all others similarly situated), Monroe County Education Association, Appellees (Plaintiffs Below).

No. 1–1080A307.

Court of Appeals of Indiana, First District.

April 14, 1982.

Len E. Bunger, William K. Steger, Bunger, Harrell & Robertson, Robert E. Cambridge, Bloomington, for appellant.

Richard Darko, Bayh, Tabbert & Capehart, Indianapolis, Edward McCrea, McCrea & McCrea, Bloomington, for appellees.

ROBERTSON, Judge.

The Monroe County Community School Corporation (school corporation) appeals the decision in a class action brought by William E. Frohliger on behalf of the Monroe County Education Association (MCEA). The trial court found that the MCEA was not paid in accordance with their contract. The school corporation's counterclaim was denied.

We affirm.

The MCEA is comprised of and represents school teachers who work for the school corporation. The MCEA and the school corporation have engaged in salary negotiations since 1965. Although the parties have maintained a history of bargaining, the school corporation exerted a dominant position in their negotiations until the passage of the Certificated Educational Employees Bargaining Act (CEEBA), Ind. Code 20–7.5–1–1, which officially recognized the teachers' right to participate in collective bargaining. Prior to the passage of CEEBA, there was no legally enforceable agreement between the parties.

The teachers are employed on individual employment contracts, the duration of which cover one year. The contracts are usually in effect from sometime in late August until May or June of the following year. In the fall of 1975, the parties entered into an agreement covering the 1975–

76 school year. The agreement contained a salary schedule for the 1976 calendar year, which covered the salary for the fall portion of the 1976–77 school year. The 1976–77 school year was to begin on August 23, 1976; however, in March of 1976, the school corporation changed the starting date to August 30, 1976. This change of the starting dates resulted in the 1976–77 calendar year consisting of one hundred seventy-five days rather than one hundred eighty days as provided in the bargaining agreement. The school corporation calculated the teachers' salaries using a formula based upon an index for each year of teacher experience, multiplied by a factor of the number of days in the fall portion of the year, divided by the number of days in the school year.[1] The MCEA contends that the utilization of this formula deprived each teacher of $\frac{5}{180}$ of their salary, as provided by the agreement.

The trial court found that the 1975–76 and 1976–77 collective bargaining agreements containing the 1976 calendar year salary schedule were clear and unambiguous, that the school corporation had unilaterally changed the starting date, and that the teachers were paid less than the amount required in the 1976 calendar year salary schedule. The school corporation had filed a counterclaim which alleged that it had employed the same formula in other years and the use of the formula, if it was improper, resulted in the teachers being overpaid in prior years. The trial court also concluded that the school corporation was precluded from relief on its counterclaim and ordered the parties to meet and attempt to resolve the amount of damages. The parties met and utilized a mathematical factor representing the percentage of lost wages the MCEA incurred. The factor was then multiplied by the individual teachers' salaries for the year. The trial court also awarded prejudgment interest accruing from January 1, 1977.

On appeal, the school corporation argues the trial court erred by finding that 1975–76 and 1976–77 collective bargaining agree-

ments were clear and unambiguous; that the school corporation was not entitled to an accounting for the years prior to 1976; and that the award of prejudgment interest was improper.

The school corporation concedes that the individual contracts of teachers are based upon a school year. Ind.Code 20–6–8–1. The contract dispute arose because the school corporation utilizes a calendar year in determining salaries. In determining the salary of any teacher, it is necessary to integrate the salary schedule contained in the collective bargaining agreement with the individual teacher's contract.

The school corporation contends that the language in the bargaining agreements is ambiguous because the agreements do not define the method of computation or the number of days in the calendar year for salary purposes. The school corporation argues that the absence of these definitions creates an ambiguity in the bargaining agreements, thus, it is necessary to examine extrinsic evidence consisting of the prior bargaining history between the parties. The school corporation presented testimony that it had always utilized the number of days worked as a factor in computing base pay. The school corporation contends that in years in which the teachers worked more days than the agreements' requirements, the utilization of the formula resulted in the teachers being paid more than the amount contained in the salary schedule. The school corporation argues that the trial court's holding would result in teachers being paid the same amount whether they worked one hundred eighty days or more than one hundred eighty days.

The collective bargaining agreement contains a specific provision dealing with salary computation. The section provides:

  i.  Salary Computation

    Effective January 1, 1976 to December 31, 1976, the base salary shall be $7,140. The beginning salary shall be calculated by multiplying this base by the index point appearing in the appropriate Train-

---

1. The formula provides:    base pay X index X $\frac{\text{days worked in fall}}{\text{days worked in school year.}}$

ing and Experience cell of the January 1, 1976 salary schedule.

The trial court found that this provision was clear and unambiguous. It also found that the incorporation of the salary schedule to the individual contracts was not a renegotiation of compensation and did not affect the school corporation's obligation to pay the MCEA the amount of the salary schedule.

■ The cardinal principle in interpreting contracts is to give effect to the meaning and intention of the parties, as expressed in the contract language. If there is no ambiguity, and the terms are plain and clear on the face of the document, such terms are conclusive as to the contract's meaning. *Boswell v. Lyon*, (1980) Ind.App., 401 N.E.2d 735. The test for ambiguity in a contract is whether reasonable men would find the contract subject to more than one interpretation. *Tastee Freez Leasing Corp. v. Milwid*, (1977) 173 Ind.App. 675, 365 N.E.2d 1388. After examining the collective bargaining agreements, there is nothing within the language on salary computation to support the interpretation suggested by the school corporation. The agreement clearly requires that the base salary is to be multiplied by the index point representing the appropriate level of training and experience contained in the salary schedule. There is nothing to suggest that any language regarding the number of days worked was omitted.

Even if this court were to accept the school corporation's argument, the trial court's decision was correct. The school corporation unilaterally altered the starting date of the school year after negotiating the collective bargaining agreement. The change in the starting date resulted in the loss of five working days in the fall of 1976. The school corporation concedes that it changed the starting date without realizing any financial implications would occur, but contends that it is authorized by statute to determine the starting date. While the school corporation may be authorized to designate the starting date, it is still liable for its breach of contract.

The second issue on appeal is whether the trial court erred by determining that the school corporation was not entitled to offset its liability by amounts which it allegedly "overpaid" the MCEA. The school corporation filed a counterclaim, which was denied by the trial court. In its counterclaim, the school corporation argued that if the MCEA's position, that the teachers were to be paid according to the salary schedule, were to be adopted, then the school corporation "overpaid" the teachers in all years in which teachers worked more than one hundred eighty days.

■ The denial of a counterclaim constitutes a negative judgment. In reviewing a negative judgment, this court will only consider the evidence most favorable to the appellee, together with all reasonable inferences to be drawn therefrom. It is only where the evidence leads to but one conclusion and the trial court has reached the opposite result that the decision will be reversed as being contrary to law. *Chaney v. Tingley*, (1977) Ind.App., 366 N.E.2d 707.

■ Our review of the evidence does not lead us to a contrary conclusion. The rights of the MCEA were officially recognized with the passage of CEEBA. The evidence showed that prior to its passage, the school corporation maintained the dominant position in bargaining. In some of these years, the negotiations failed and the school board would submit a final offer to the teachers. The passage of CEEBA altered the bargaining positions of the parties. Previously, no collective bargaining agreements existed. The trial court could have easily concluded that the school corporation was not entitled to its counterclaim for all years prior to the passage of CEEBA because of the disparity in the bargaining positions. Furthermore, the evidence concerning those years after the passage of CEEBA failed to establish that the school corporation overpaid the MCEA. There was evidence of record showing the school corporation paid the MCEA the face amount of the salary schedule.

The final issue on appeal is whether the trial court erred in awarding prejudgment interest. The trial court awarded prejudgment interest starting from January 1, 1977. Prejudgment interest is awarded in contract cases in Indiana where the terms of the contract make the claim ascertainable and the amount of the claim rests upon mere computation. Prejudgment interest, computed from the time the principal amount was demanded or due, is allowable at the permissible statutory rate in the absence of an contractual provision specifying the interest rate. *Ind. Telephone Corp. v. Ind. Bell Telephone Co.,* (1976) 171 Ind.App. 616, 358 N.E.2d 218. The school corporation contends that the amount of damages was unascertainable because the parties were required to conduct several meetings in order to agree to the amount of damages. The school corporation also contends that the January 1, 1977, date was only chosen at the suggestion of MCEA's counsel. Although the amount was difficult to calculate because it required application of the mathematical factor to each class member at their appropriate level of experience in 1976, the evidence demonstrated that the school corporation deprived the MCEA of five work days or $5/180$ of their agreed salary. Accordingly, the amount of damages was ascertainable based upon the collective bargaining agreements. The January 1, 1977, date was chosen at the suggestion of MCEA's counsel because of simplicity. The teachers' contracts provided for biweekly payments and theoretically, the MCEA should have been awarded interest over the entire period for which it was underpaid.

The judgment is affirmed.

RATLIFF, P. J., and NEAL, J., concur.