**Stanley GRAVIS, d/b/a East Bay Auto Parts, Appellant–Appellant Below,**

v.

**Rose GRAVES, d/b/a Graves Body Crusher, Appellee– Plaintiff Below.**

No. 17A03–9104–CV–96.

Court of Appeals of Indiana, Third District.

July 18, 1991.

Hugh N. Taylor, Auburn, for appellant-appellant.

John Martin Smith, Auburn, for appellee-plaintiff.

STATON, Judge.

Stanley Gravis, d/b/a East Bay Auto Parts, appeals the award of damages to Rose Graves, d/b/a Graves Body Crusher, in Graves' action for breach of contract. Gravis presents the following two issues for our consideration:

I.  Whether the trial court impermissibly based its award of damages on speculation, conjecture and surmise.

II.  Whether the trial court erred in awarding prejudgment interest where Graves failed to mitigate her damages.

Affirmed.

The facts favorable to the judgment indicate that on or about July 31, 1984, Gravis purchased a Body Crusher (a device used for compacting wrecked automobiles) from Graves on an installment contract. The terms called for a total purchase price of $18,194.88, payable in 48 monthly installments of $379.06. Approximately two years later, in July of 1986, Graves Body Crusher initiated bankruptcy proceedings, and all payments on Graves' accounts receivable (including Gravis') were directed to the trustee in bankruptcy. Gravis later made payments directly to Graves, which payments were credited to his account, but made no payments after April 15, 1988. Graves did not file suit until June 20, 1989. On December 11, 1990, the trial court found in favor of Graves Body Crusher, and awarded damages of $8,339.32 plus prejudgment interest in the amount of $2,951.77.

Gravis first contends that the award of damages failed to take into account payments made to the trustee in bankruptcy, and therefore, the award was based on speculation, conjecture and surmise. We agree with his assertion that a damage award based on such considerations may not stand. *Indiana University v. Indiana Bonding & Surety Co.* (1981), Ind.App., 416 N.E.2d 1275, *trans. denied.* Rather, damages must be ascertainable with reasonable certainty. *Greives v. Greenwood* (1990), Ind.App., 550 N.E.2d 334. However, when we review the evidence to determine whether the damage award is properly founded, we may not reweigh the evidence or reassess witness credibility. *Dunn v. Cadiente* (1987), Ind., 516 N.E.2d 52, *reh. denied.*

Rose Graves testified that Gravis made the last of his twenty-six (26) payments on April 15, 1988. A ledger sheet entered into evidence confirmed the amount owed. Even if we were to discount additional documentation of Graves' claim, evidence Gravis alleges to have been admitted improperly, reversal would not be warranted. Graves sustained her burden of establishing the amount owed with reasonable certainty. To cast uncertainty on this amount, Gravis could have put on evidence that he made payments to the trustee in bankruptcy. Instead, Gravis rested without offering a defense. There was no error in the assessment of damages.

Gravis next maintains that the trial court erroneously computed prejudgment interest on the award without considering Graves' failure to mitigate damages. Gravis contends that Graves allowed interest to accumulate for one year before asserting her rights upon the breach of contract. While it is true that the non-breaching party, as a general rule, must mitigate damages, *Colonial Discount Corp. v. Berkhardt* (1982), Ind.App., 435 N.E.2d 65, 67, the rule has no application in this case.

All that is required for a proper award of prejudgment interest is that the terms of the contract make the claim ascertainable and the amount of the claim rests upon mere computation. *Monroe County Community School Corp. v. Frohliger* (1982), Ind.App., 434 N.E.2d 93. An award

of prejudgment interest is, in effect, an award of damages to insure the injured party receives full compensation for the loss. *Indiana Insurance Co. v. Sentry Insurance Co.* (1982), Ind.App., 437 N.E.2d 1381. *See Argonaut Insurance Co. v. Town of Cloverdale, Indiana* (7th Cir. 1983), 699 F.2d 417 (although prejudgment interest accrued for two years where the district court judge took an inordinate amount of time to rule on a motion for directed verdict, the injured party was entitled to the full amount of interest under principles of unjust enrichment because the town had use of the money during that period).

Gravis does not contend that the terms of the contract are unascertainable, nor does he argue that Graves' claim is barred by operation of law. Graves brought this action well within the time required by law, and Gravis had the use of her money during that time. The award of prejudgment interest was not erroneous.

The trial court is affirmed.

RATLIFF, C.J., and GARRARD, J., concur.